FRANK J. LOVERIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12492.   Promulgated March 9, 1948

*Stanley Ide LaCov, Esq.*, for the petitioner.
*Sheldon V. Ekman, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: This case involves an income tax deficiency for 1943 in the amount of $1,487.50. The issue concerns income for 1942

in the computation of the deficiency pursuant to the Current Tax Payment Act of 1943, and it is whether petitioner is entitled to a deduction for all or any part of $11,000 which he paid in 1942 under the circumstances hereinafter related.

The facts have all been stipulated and may be briefly summarized. Petitioner is a resident of New York City. His tax returns for 1942 and 1943 were duly filed with the collector of internal revenue for the third district of New York.

Petitioner was married to Cornelia S. Loverin on November 29, 1935. On or about May 6, 1940, Cornelia was divorced from the petitioner under an interlocutory decree of the Supreme Court of New York, which became final on or about August 12, 1940. The decree provided, among other things, that petitioner should pay Cornelia $60 per week for her support and maintenance.

Cornelia S. Loverin was born April 27, 1912, and petitioner was born November 29, 1902. According to the American Experience Table of Mortality, on August 12, 1940, her life expectancy was 36.73 years and his was 30.35 years; and on January 2, 1942, their respective life expectancies were 35.33 years and 28.18 years.

A lawsuit was pending in the City Court of the City of New York on January 2, 1942, in which Cornelia S. Loverin was plaintiff and the petitioner herein was defendant. In that action she sought judgment for $3,000, with interest, costs, and disbursements, on an alleged claim that petitioner had converted household furniture and furnishings which were her property.

On January 2, 1942, petitioner and Cornelia entered into an agreement in writing, conditioned upon her remarriage to another person on or before January 10, 1942. In consideration of petitioner's payment of $8,500 to her and $1,500 for her attorneys, she agreed, among other things, to accept the settlement in lieu of any and all further payments for alimony or her maintenance and support, to dismiss the lawsuit in the city court on the merits, to sign the necessary papers to obtain an order vacating that part of the divorce decree obligating him to pay her $60 weekly for her support and maintenance, to release her right of dower or share in the petitioner's estate, and to waive her right of election to take against his last will and testament. Each of the parties agreed to give the other a general release.

On January 9, 1942, Cornelia was duly married to one Arthur Zazmar, and petitioner thereupon made the payments called for in the agreement, totaling $10,000. He also paid his own attorney $1,000 for his services in connection with the agreement.

On or about January 13, 1942, an order was obtained from the Supreme Court of New York modifying its final divorce decree by annulling and canceling the provision therein obligating the petitioner to pay Cornelia $60 a week for her maintenance and support.

In his return for 1942 petitioner took a deduction for the $11,000 which he paid in connection with the settlement, but the respondent disallowed the deduction.

Petitioner is still of the view that he should be entitled to deduct the entire $11,000; but he contends that at least he should be allowed to deduct the $3,120 which he would have had to pay under the divorce decree in 1942 had he and his ex-wife not entered into the settlement agreement. We see no basis whatever for deducting the attorneys' fees of $1,500 for the ex-wife's attorneys and $1,000 for petitioner's attorney. We therefore put these items to one side and direct our attention to the $8,500 payment to petitioner's ex-wife.

Section 23 (u) of the Internal Revenue Code allows a husband a deduction for "amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year." And section 22 (k), so far as pertinent here, is set out in the margin.[1] In general, it provides that periodic payments of alimony or in the nature of alimony made pursuant and subsequent to a divorce decree or a written instrument incident to the divorce shall be taxable income to the divorced wife. But it does not contemplate that either lump sum payments or installment payments of an obligation of specified principal sum shall be taxable to her. Such payments are excluded from the scope of the term "periodic payments" unless under the terms of the decree or instrument the installments are to be or may be paid over a period of more than ten years.

Petitioner makes the somewhat novel argument that under the divorce decree he was obligated to pay his ex-wife $60 a week for her life or his; that, based upon their life expectancies, the principal sum of the obligation was at least $87,921.60; that the period of payment was far in excess of 10 years; and that the amount he paid in the taxable year was less than 10 per cent of the principal sum. The fallacy in this argument is that it indiscriminately confuses the divorce decree

---

[1] (k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * *. Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, but only to the extent that such installment payment for the taxable year of the wife (or if more than one such installment payment for such taxable year is received during such taxable year, the aggregate of such installment payments) does not exceed 10 per centum of such principal sum. For the purposes of the preceding sentence, the portion of a payment of the principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be considered an installment payment for the taxable year in which it is received. * * *

with the written instrument of January 2, 1942, and overlooks the fact that the payment in question was made pursuant to the latter rather than the former. Respondent contends that the written instrument was not "incident to such divorce" within the meaning of the statute, but we shall assume for purposes of this case that it was. In any event, it is to that instrument that we must look in deciding the petitioner's right to a deduction in the taxable year. No payments were made in 1942 under the decree, because the provisions of the decree relating to support and maintenance payments were annulled.

It is obvious that the written instrument of January 2, 1942, contemplated neither periodic payments nor installment payments of a specified principal sum extending over a period of more than 10 years. It dealt only with a single, lump sum payment. The entire principal sum specified in the instrument was in fact paid at one time. The payment does not fall within the purview of section 22 (k), and accordingly petitioner may not deduct any part of it under section 23 (u).

Reviewed by the Court.

*Decision will be entered for the respondent.*