RALPH NORTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 26573. Promulgated May 31, 1951.

*Norman C. Parker*, *Esq.*, for the petitioner.
*Marvin Hagen*, *Esq.*, for the respondent.

---

## OPINION.

DISNEY, *Judge:* The petitioner does not urge error as to the $300 temporary alimony paid prior to the divorce but contends that the $5,000 was deductible as a periodic payment under section 22 (k) of the Internal Revenue Code. Section 23 (u) provides that in the case of a husband described in section 22 (k) amounts includible under section 22 (k) in the gross income of the wife are deductions allowable to him; while section 22 (k) provides, in pertinent part, that if the wife is divorced "periodic payments (whether or not made at regular intervals) received subsequent to such a decree in discharge of * * * a legal obligation * * * imposed upon * * * such husband under such decree or under a written instrument incident to such divorce. * * . * shall be includible in the gross income of such

wife * * *" Our question is simply whether or not the $5,000 was a periodic payment. Petitioner argues, in effect, that it is such, adding that it can not be an installment payment which section 22 (k) further provides shall not be considered periodic payments, because, he argues, an installment must be one "discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument * * *"—and neither the decree nor the instrument specifies any principal sum of obligation. We think we need not be concerned with the provision as to installment for, after careful study of the cases cited, it is our opinion that the $5,000 is not a periodic payment. The parties to the divorce clearly did not so regard it for in their written agreement, after referring to the $200 a month alimony, they provided that "in addition to the monthly or periodic alimony" the petitioner, the plaintiff there, should pay $5,000 "as additional alimony, payable forthwith." A distinction between periodic alimony and the $5,000, in the view of the husband and wife, is patent. The definition of "periodic" given by Webster's New International Dictionary includes "characterized by periods; occurring at regular stated times; happening, or appearing, at fixed intervals." This describes the "monthly or periodic alimony" recited in the agreement; but in our opinion is inapplicable to the $5,000 which was "payable forthwith." No part of it was paid by periods or fixed intervals. The petitioner argues that periodic payments need not be equal in amount or paid at regular intervals: and we agree. The statute specifically provides that they need not be at regular intervals. But this consideration does not settle our question.

We have studied the Congressional Committee Reports covering section 120 (a) and (g) of the Revenue Act of 1942 which first provided sections 22 (k) and 23 (u). 1942—2 C. B., pages 372, 504 and 701. We find therein no light on this subject. The word "periodic" is to be taken in its ordinary meaning and so considered excludes a payment not to be made at fixed intervals but in a lump sum, and the fact that the statute made particular reference to periodic payments is some reason to believe that another kind of payment, that is, an initial payment in some larger and undivided amount, was considered in a different category. We may, we think, take judicial notice that divorce settlements or decrees not uncommonly provide some considerable amount payable immediately to the wife, in addition to regular or recurring payments for current support thereafter. We consider it reasonable to believe that Congress had such a practice in mind and did not intend to make the wife taxable upon the lump sum, original, or principal payment to be made here, but that it was something in the nature of division of capital, rather than from the husband's income so as to be deductible by him. At any rate, we think Congress failed to provide that such a payment was "periodic" and that, there-

fore, it is not within the statute. It is to be noted indeed that although the decree of the court did recite "Stipulation filed as of May 7th, 1946"—which reasonably only refers to the stipulation of agreement above described, between the petitioner and his wife—the decree does not adopt the stipulation or make it a part thereof, and particularly that the decree does not award the $5,000 as alimony. The only alimony provided by the decree is the $200 a month. In short, we have here not $5,000 decreed alimony but $5,000 provided for and paid under a voluntary agreement between the parties entered into prior to the divorce. The agreement does not, in terms at least, make the payment of the $5,000 dependent upon the entry of the divorce decree, though there is indication that this may have been in the minds of the parties since the agreement was entered into on May 7, 1946, and the cashier's check for the $5,000, though dated May 6, 1946, was not delivered to the wife until May 15, 1946, and it is stipulated that it was delivered pursuant to the stipulation and the decree. Nevertheless, the fact that the decree makes no provision as to the $5,000, or any reference thereto, in our opinion precludes us from considering it as alimony decreed by the court along with the $200 a month even though the husband and wife in their agreement, after reference to the $200 a month, called it "additional alimony." Passing the question as to whether the $5,000, not decreed by the court, is alimony at all, we realize that the periodic payments need not under the statute be payments of alimony but may be in discharge of an obligation imposed either by a decree or written instrument. Nevertheless, it is clear that the $5,000, not decreed by the court as was the $200 a month, is by that fact separated from the periodic payment of alimony and can not with logic be viewed as merely one of the recurring or periodic payments, though in a larger amount than $200—which is the view taken by the petitioner. In effect he views all payments as unitary, the expression used in *Lemuel Alexander Carmichael*, 14 T. C. 1356, where we held, in substance, that provisions in the decree and agreement providing for cash payments of $200 per month and premium payments of $250.45 per year on a life insurance policy, were not to be considered a single obligation, applying section 22 (k). The petitioner points out that the *Carmichael* case involved a fixed total liability, whereas the total amount of alimony here is not fixed; and the distinction appears sound. Nevertheless, the *Carmichael* case does indicate that separate provisions are not to be unified to carry out a theory of periodic payments; and, in our opinion, the $5,000, provided only by the agreement, is not to be joined with and considered a part of periodic payments which the court alone provided, in the amount of $200 a month.

The respondent on his part cites in addition to the *Carmichael* case *Frank J. Loverin*, 10 T. C. 406, *Barbara B. LeMond*, 13 T. C. 670, and

*Joseph D. Fox*, 14 T. C. 1131. The petitioner, however, points out that the *Loverin* case involved $8,500 as a total amount in full discharge of alimony liability and that the court recites that the entire principal sum specified in the instrument was paid at one time. We think the distinction made is valid and that the case is not here helpful. Petitioner also distinguishes the *LeMond* and *Fox* cases as involving sums paid prior to the divorce decree, whereas the $5,000 here involved was paid the next day after the decree was rendered. Since section 22 (k) involves only "periodic payments * * * received subsequent to such decree," the distinction urged appears correct and we do not see that the two cases support the respondent. Nevertheless, for the reasons hereinabove set forth, we consider it clear that the $5,000 was not so in the same class or category as the periodic payments, of $200 a month, as to be considered one of such periodic payments though in different amount. We, therefore, conclude and hold that the $5,000 was not a periodic payment within the purview of section 22 (k), from which it follows that the amount is not includible in the gross income of the wife and is not, under section 23 (u), allowable as a deduction to the petitioner.

Reviewed by the Court.

*Decision will be entered for the respondent.*