OPINION. Disney, Judge: After elimination of certain other questions by mutual concessions and stipulation of the parties, we are left with the question whether the Commissioner erred in denying deduction of the $35,000 paid petitioner’s wife for the purchase of a home, the $20,000 paid to her attorneys, and the amounts paid to the petitioner for his own attorneys. We will consider the points separately. With reference to tlie $35,000 paid petitioner’s wife on July 10, 1947, the petitioner contends that it is a periodic payment within the text of section 22. (k) of the Internal Revenue Code. The parties are in agreement that the payment was made under an agreement incident to divorce. The petitioner points out that it was not an installment payment, which under section 22 (k) is not to be considered a periodic payment unless it is paid upon a principal sum which may be or is to be paid within ten years. We agree that it is not an installment payment; for the periodic payments here involved were to last the lifetime of the parties. That conclusion, however, does not determine the question whether the payment was periodic. The petitioner also suggests that his attorneys, who drafted the settlement agreement, intended that the $35,000 (as well as-the $20,000 attorneys’ fees and the monthly payments) should be part of a single unified plan for discharging petitioner’s alimony obligations. Such intent is considered but only along with all of the other facts and circumstances involved. After review of the entire situation in the light of the statute we are of the opinion that the $35,000 was not a periodic payment. In the first place there appears a peculiar illogic in considering two payments, both made upon the same day (that is, the $35,000 payment for the house and the $20,000 payment for attorneys’ fees) as periodic. In Webster’s New International Dictionary we find, among the definitions of “periodic” the terms “characterized by periods; occurring at regular stated times; acting, happening, or appearing, at fixed intervals; loosely, recurring; intermittent.” The statute, of course, eliminates regularity of interval. Nevertheless, we think it obvious that taking the word with any ordinary connotation it calls for payments in sequence, and distinguishes any payments standing alone. The petitioner perhaps tacitly so recognizes, for it is his contention that the $35,000 payment was in effect merely one of the series of payments to be made to the wife. We do not agree. Though we recognize that Frank J. Loverin, 10 T. C. 406, involved payment of a total amount in full discharge of alimony liability, and that Barbara B. LeMond, 13 T. C. 670, and Joseph D. Fox, 14 T. C. 1131, involved amounts paid prior to divorce decree, whereas the periodic payments mentioned in section 22 (k) are only those “received subsequent to such decree,” nevertheless as we stated in Ralph Norton, 16 T. C. 1216, the fact that the statute particularly refers to periodic payments is some indication that another kind of payment, that is, an initial payment, was by Congress considered in a different category, and we think Congress intended to distinguish in divorce matters under this section between lump sum original payments payable at or near the time of divorce, and later monthly or otherwise periodic payments for current support. We can not agree with petitioner’s statement that the $35,000 was for current support. It was for the purchase of a home. The concept advocated by the petitioner on this particular point is inconsistent with the view taken by us in Lemuel Alexander Carmichael, 14 T. C. 1356. It is true, of course, that that case involved a fixed total liability, whereas the total liability is here not so fixed; but the Carmichael case is analogous to this one in that petitioner there and the petitioner here attempt to link together as unitary, separate provisions, that is, monthly periodic payments with other payments. We conclude and hold that the $35,000 was not a periodic payment and the petitioner is not entitled to deduct same under section 22 (k). With respect to the $20,000 paid by petitioner to the attorneys for his wife, he makes it very definite on brief that this is not claimed as a legal expense, stating: “We emphasize that we seek to deduct this $20,000 payment as a periodic alimony payment, and not as a legal expense.” This payment, like the $35,000 for the home for petitioner’s wife, was paid and payable only once and for a definite non-recurring purpose. The same reasoning applied above to the matter of the $35,000 payment here applies to forbid, a conclusion that it was a periodic payment. We hold that it was not and, therefore, that the Commissioner did not err in disallowing the deduction of the $20,000 paid to the wife’s attorneys. We next come to the petitioner’s contention that his expenses for attorneys’ fees in the divorce proceeding are deductible by him under section 23 (a) (2) of the Internal Revenue Code, allowing deduction for expenses paid or incurred for the management, conservation or maintenance of property held for the production of income. On brief he limits his claim to $16,500. Lindsay C. Howard, 16 T. C. 157, to which, though cited by the respondent in his brief, the petitioner does not advert either in reply brief later filed or in his earlier brief, clearly decides this matter against the petitioner’s contention. We held that expenses of a husband, in defense of an action to collect payments under a property settlement in connection with a divorce decree, were not deductible by him, saying: “The contention that such expenditures are allowable as expenses of retaining income previously earned leaves us unmoved.” The property settlement and divorce had taken place in 1938 but the litigation, the attorneys’ fees in which the petitioner sought to deduct, was in 1942 or later. It is, therefore, apparent that section 23 (a) (2) was then in effect and relied upon. We further said that the whole situation involved personal (as distinguished from business) relationships, and personal considerations. In short, under the Howard case the personal nature of the expenses is not overcome by the provisions of section 23 (a) (2) as to conservation or maintenance of property held for production of income. Since petitioner on brief agrees that “The only issue with respect to the deductibility of attorneys’ fees is thus clearly pointed — whether or not these attorneys were employed by Petitioner to conserve his income-producing property,” the Howard case requires denial of his contention. "VYe conclude and hold that the attorneys’ fees paid by petitioner to his own attorneys were not deductible by him under section 23 (a) (2) of the Internal Revenue Code. On account of certain mutual concessions by the parties, Decision will be entered under Rule 50.