**GALE v. COMMISSIONER OF INTERNAL REVENUE.**

**COMMISSIONER OF INTERNAL REVENUE v. GALE.**

**No. 87, Docket 21703.**

United States Court of Appeals Second Circuit.

Argued May 2, 1951.

Decided July 24, 1951.

Thomas N. Tarleau, Sandow Holman, New York City, for petitioner-respondent.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson and Harry Baum, Special Assts. to the Atty. Gen., Charles Oliphant, Washington, D. C., for the Commissioner.

Before L. HAND, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

These two petitions, which were argued together, raise two questions. The first is whether, when the modification in 1944 of a New York decree of divorce increased for the future, and for part of the past, the periodic payments of alimony originally decreed to the petitioning taxpayer, the additional alimony received for the preceding years is taxable as income to the divorced wife in the year of its receipt under § 22(k) of the Internal Revenue Code, 26 U. S.C.A. § 22(k). The second is contingent upon the answer to the first, and is whether if such payments for the preceding years are not taxable to the wife she may deduct the reasonable attorneys' fees she was required to pay to obtain the modification. The Tax Court held that these payments were taxable as income of the divorced wife and that the attorneys' fees were deductible by her. Both the taxpayer and the Commissioner petitioned for review, the petition of the Commissioner, however, being filed only as a matter of precaution, for he is supporting the judgment of the Tax Court and seeks no modification provided the taxpayer's liability is left undisturbed.

The facts are not in dispute. The taxpayer and her husband were residents of New York when, in May, 1940, they executed a separation agreement in contemplation of an action for divorce to be instituted by the wife. This agreement, which provided for the payment by the husband to the wife of $666.67 a month, was to survive a decree of divorce and was to continue until she died or remarried. This amount was subject to adjustment for any year in which the husband's net income exceeded $28,000, and the husband was bound in each year to make available to his wife his income tax return for the preceding year. The taxpayer obtained a divorce from him in the state court in November, 1940, and the decree was later amended to provide for the payment of alimony to her in accordance with the provisions of the separation agreement. In 1941, the taxpayer received additional payments from her divorced husband for the year 1940, but, despite their efforts, they were unable to agree upon her claims for 1941 and 1942. In 1943 she brought suit in the state court on the separation agreement and, when that suit was dismissed on jurisdictional grounds, applied to that court for a modification of the alimony provisions of the decree of divorce. In this she was successful and the decree was amended to provide for the payment of alimony to her on and after July 1, 1944, at the rate of $1500 a month. It also required that, for each of the years 1941, 1942, 1943, and for the first six months of 1944, additional alimony be paid to her, amounting in all to $24,000, in six equal monthly installments of $4000 beginning July 1, 1944. As a result, she received in 1944 the sum of $19,000 as additional alimony for the years 1941, 1942, and 1943. In her return for 1944 she failed to include this $19,000 but did deduct $4,000 which she paid to her attorneys as their fee for obtaining it for her. The Commissioner determined a deficiency by including the $19,000 in her gross income for 1944 and by disallowing the deduction of the attorneys' fee. The Tax Court affirmed after a modification allowing the attorneys' fee to be deducted.

Decision as to the taxability of the $19,000 turns upon the construction to be given § 22(k), I.R.C. That subsection was enacted, as its legislative history shows,[1] to make certain types of alimony payments taxable to the recipient, and, under the provisions of § 23(u), 26 U.S.C.A. § 23(u), deductible by the payor. It did this by limiting such payments to those made under, and subsequent to, a decree of divorce, or of separate maintenance, or under a written instrument incident to such a divorce or separation. Daine v. Commissioner, 2 Cir., 168 F.2d 449, 4 A.L.R.2d 248; Van Vlaanderen v. Commissioner, 3 Cir., 175 F.2d 389. It further limited them to what were called "periodic" payments, whether or not made at regular intervals. But it excluded from such "periodic" payments all installment payments which discharged "a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument", unless the installment payments to discharge the principal sum were, or might be, by the terms of the decree or instrument, extended over a period of more than ten years from its date, in which case the annual payments were taxable to the extent of ten percentum of the principal sum. Thus it appears that

1. Section 22(k) was first enacted as part of the Revenue Act of 1942. The report of the Ways and Means Committee of the House stated that, "The existing law does not tax alimony payments to the wife who receives them, nor does it allow the husband to take any deduction on account of the alimony payments made by him. He is fully taxable on his entire net income even though a large portion of his income goes to his wife as alimony or as separate maintenance payments. The increased surtax rates would intensify this hardship and in many cases the husband would not have sufficient income left after paying alimony to meet his income tax obligations.

The bill would correct this situation by taxing alimony and separate maintenance payments to the wife receiving them, and by relieving the husband from tax upon that portion of such payments which constitutes income to him under present law." H.Rep.No.2333, 77 Cong., 2d Sess., p. 46.

the statutory scheme is generally that a series of alimony payments is taxable to the recipient unless the payments deplete, over a period of time not exceeding ten years, a principal sum which has been determined to be the aggregate amount of the obligation.

Concededly, the original grant of alimony under the amended decree of divorce was not a "principal sum obligation" and as much is true of the increased payments ordered to be paid for the period after July 1, 1944, under the modification of that decree. But it is argued that because the modification was made retroactive and the increased obligation thus created was expressed in a stated amount for each previous year affected, a principal sum was established, to be discharged in six monthly installments which, under § 22(k), I.R.C. were not taxable to the recipient.

Literally this added obligation was expressed in terms of a "principal sum." Actually it was an exercise of the statutory power of the divorce court to "annul, vary or modify" after final judgment any provision for alimony in the decree of divorce. See New York Civil Practice Act, §§ 1155, 1170. Since the court knew the time which had elapsed from the date as of which it was determined that payments should be retroactively increased and, of course, the amount by which it had decided to increase each payment, it was but a matter of mathematical calculation to determine the aggregate sum which would be payable to discharge that part of the additional alimony. Although the obligation was expressed in lump figures which in a sense, it must be acknowledged, became a principal sum, we do not think it was the kind of principal sum meant in § 22(k), I.R.C. On the contrary, as the aggregate of a series of retroactively increased "periodic" payments, it did not differ taxwise from the payments previously made. Under the state law the provision made for alimony payments in the divorce decree must be viewed, because of the power of the court to modify, as being one to make the "periodic" payments in the amounts then designated or in such amounts as might be subsequently designated by the court. The payment of designated amounts but relieved the divorced husband from default and the danger of being held in contempt by the state court for non-payment and did not extinguish entirely his obligation for the period covered by such payments. Nor do we think that the fact that the increase was ordered paid in six monthly installments pertinent. In our view it is controlling that the additions but made certain in amount, at least for the time being, the monetary obligation, uncertain in its overall aspect, originally imposed upon the former husband by the divorce decree. As that obligation was of indefinite duration, continuing throughout the remaining unmarried portion of the life of the divorced wife, and not in discharge of a "principal sum" which was "in terms of money or property, specified * * * by the terms of the decree", the modification retroactively left that decree, just as did the modification prospectively, one which in contemplation of § 22(k), I.R.C., provided for "periodic" payments taxable to the recipient.

As the petition of the Commissioner was filed only as a matter of precaution and questioned the deduction for attorneys' fees only in the event that the added alimony should be held not taxable to the divorced wife, we need not consider the issues raised by it.

Affirmed.