Mary Louise Williams v. Commissioner.
Williams v. Commissioner
Docket No. 36185.
United States Tax Court
1953 Tax Ct. Memo LEXIS 80; 12 T.C.M. (CCH) 1194; T.C.M. (RIA) 53341; October 27, 1953
*80 Payments made petitioner by her former husband under a contract entered into by them subsequent to the entry of a decree of divorce awarding alimony, in which it was agreed that payment should be made of a maximum fixed sum, payable over a term of less than ten years, and to constitute full satisfaction of all claims for alimony on the part of the petitioner, held not to be taxable to petitioner under Sec. 22 (k), I.R.C.
Virginia C. Hurlbert, Esq., 400 County Bank Building, Buffalo, N. Y., and LeRoy H. Hurlbert, Esq., for the petitioner. William G. O'Neill, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent has determined deficiencies in income tax against the petitioner for the calendar years 1946 and 1947 in the respective amounts of $263.33 and $257.25. The issue presented is whether $1,200 received by the petitioner in each of the taxable years from her former husband is includible in her gross income pursuant to section 22 (k), Internal Revenue Code. Findings of Fact Petitioner resides at 147 Lancaster Avenue, Buffalo, New York. Her returns for the years herein *81 involved were filed with the collector for the twenty-eighth district of New York. The petitioner was formerly married to Frederick T. Williams, from whom she secured a divorce on July 23, 1935. Under the decree entered, petitioner's husband was directed to pay her the sum of five dollars per week, which amount was subject to be increased in case the financial status of the husband improved to the extent that he was earning in excess of $35 per week; in that event the amount payable to the petitioner would be 25 per cent of such sum, the payments in no event to exceed the sum of $4,000 annually. The payments of five dollars per week, as at first made under the decree, were subsequently raised to $25 per month, which increased payments were made by the husband. On May 18, 1942, the petitioner entered into a contract with her former husband providing for the payment of alimony in a fixed amount in lieu of the monthly allowances under the decree of the court. By this agreement it was provided that the husband would pay the petitioner the sum of $10,000, payable in installments of $100 per month until the full sum was paid. In consideration for the agreed payments, the petitioner contracted *82 to release her husband from all obligations which might arise under the divorce decree theretofore entered; that the payments provided to be made were in full and complete payment of all sums of alimony that were due or were to become due pursuant to the divorce decree; and that the petitioner would execute a satisfaction of the judgment entered in the decree of divorce, and that no action should lie in favor of the party of the first part against the party of the second part for any sums due or to become due except under the agreement. This satisfaction of judgment provided for was executed by the petitioner but was never filed with the court as a part of the divorce proceedings. Following the execution of this contract and satisfaction of judgment, payment was duly made by petitioner's former husband in the amounts provided, the final payment of the total of $10,000 being made by him on July 28, 1950. Petitioner did not include the amounts received by her of $100 per month from her husband in her reported income. In determining the deficiency the respondent in each of the years has included in petitioner's income the $1,200 received in such year from her former husband. Opinion
*83 It is respondent's position that the amounts received by petitioner under the agreement of May 18, 1952, may not be considered as received under a contract incident to the divorce within the purview of section 22 (k), Internal Revenue Code, [1] but rather under the unmodified decree of divorce, and accordingly are taxable to petitioner. *84 Most of the discussion and argument on brief are upon the question as to whether or not the contract in question may be considered as one incident to the divorce. However, we find it unnecessary to determine that question. The payments in question were made under the contract of May 18, 1942, and if that contract was not incident to the decree of divorce, such payments of course are not deductible by the husband and may not be included in income of petitioner. On the other hand, if such contract is one incident to the divorce, the payments provided for are not of the character specified by the cited section as giving the right of deduction to the husband, as they constitute payment of a fixed sum of money conditioned to be paid and which was paid within ten years. In Frank J. Loverin, 10 T.C. 406, upon facts substantially similar to those here involved, the husband and wife entered into a contract subsequent to the divorce effecting a settlement for a lump sum of the amounts of the monthly payments decreed by the court to be made by the husband. There we held that the contract between husband and wife subsequent to the divorce must be looked to to determine whether they *85 were periodic payments or installment payments of a specified principal sum extending over a period of more than ten years, and as they did not fall within that category they did not represent a deduction allowable to the husband, irrespective of the question as to whether the subsequent contract between husband and wife was or was not considered to be incident to the divorce. In J. B. Steinel, 10 T.C. 409, the husband and wife, subsequent to the divorce, under a decree providing for alimony, entered into a contract providing for monthly payments of $100 until the sum of $9,500 was paid. There we held that the amounts provided to be paid under the contract were periodic payments within section 22 (k), but were not deductible by the husband due to the fact that they were not payable in a period ending more than ten years from the date of the agreement, and consequently they were not includible in the wife's income under that section and not deductible under section 23 (u) from the gross income of the husband. The respondent cites and relies upon the decision in Commissioner v. Murray, 174 Fed. (2d) 816, as being on all fours with and controlling the decision *86 in the present case. With this we do not agree. The question there presented was limited to the determination as to whether the contract executed between the wife and husband was in fact "incident to the divorce." There the husband was the petitioner and seeking deduction of the payments made. The decision that the contract was not incident to the divorce answered the question presented as to the right to deduction by the husband. No question was presented, as here, as to whether the contract, if incident to the divorce, provided for a fixed sum, payment of which was agreed to be made over a term of less than ten years, in which event the payments would not be taxable to the wife under section 22 (k) nor deductible by the husband under section 23 (u). The facts here show that by the provisions of the contract the $10,000 agreed to be paid in full settlement of all claims for alimony was to be paid over a period of 100 months, which is less than the term of ten years. Petitioner is accordingly not taxable upon this income. Decision will be entered for the petitioner. Footnotes
1. SEC. 22. GROSS INCOME. * * *
(k) Alimony, Etc., Income. - In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. In case any such periodic payment is less than the amount specified in the decree or written instrument, for the purpose of applying the preceding sentence, such payment, to the extent of such sum payable for such support, shall be considered a payment for such support. Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than ten years from the date of such decree or instrument, but only to the extent that such installment payment for the taxable year of the wife (or if more than one such installment payment for such taxable year is received during such taxable year, the aggregate of such installment payments) does not exceed 10 per centum of such principal sum. * * *↩