OPINION. PIarron, Judge: The question is whether the sum of $14,000, which petitioner received in 1948, representing increased alimony for prior years, which petitioner received from her former husband as a result of the settlement of her suit in the New Jersey Chancery Court constituted “periodic payments” within the meaning of section 22 (k) of the 1939 Code. Upon due consideration of the undisputed facts and of the arguments advanced by petitioner, it is concluded and held that the $14,000 represented merely the aggregate of various amounts of “periodic” alimony payments, or arrearages in periodic alimony payments, which were due petitioner under the 1943 agreement and the Nevada divorce decree for prior years, and, in part, for 1948. The sum of $14,000 was due and owing to petitioner by her former husband under the terms of the 1943 agreement or under the obligation imposed by the Nevada decree of divorce. The question presented is controlled by Elsie B. Gale, 13 T. C. 661, affd. 191 F. 2d 79. See also Lily R. Reighley, 17 T. C. 344; Estate of Sarah L. Narischkine, 14 T. C. 1128, affd. 189 F. 2d 257; Jane C. Grant, 18 T. C. 1013, affd. 209 F. 2d 430; and Antoinette L. Holahan, 21 T. C. 451. As we did in Elsie B. Gale, supra, we here reject as unsound upon all of the facts, petitioner’s contention that the total sum of $14,000 applicable to prior years was a “principal sum” payable in installments of less than 10 years. What was stated (at p. 666) in the Gale case applies here: The term “principal sum” as used in section 22 (k) contemplates a fixed and specified sum of money or property payable to the wife in complete or partial discharge of the husband’s obligation to provide for his wife’s support and maintenance, as distinct from “periodic” payments made in connection with an obligation indefinite as to time and amount. Not every sum specified in dollars in a divorce decree is to be regarded as a “principal sum” within the meaning of the statute. To so regard it would mean that every additional sum awarded to increase a wife’s alimony for a definite year would make that amount a principal sum, however insignificant it might be. The fact that Congress provided that a principal sum would not he taxed to the wife unless the discharge of this obligation extended over ten years makes clear that minor adjustments such as are present here were not to be regarded as principal sums, payable in installments. In the instant case, the award of $19,000 represented no new or different obligation of the husband, nor was it imposed in respect to any right of the wife arising from the divorce other than the right she acquired under the original decree and separation agreement to adequate “periodic” payments of alimony. In short, the $19,000 represented merely the aggregate of various amounts of “periodic” alimony determined by the court to be owing by the husband for prior years under the terms of the separation agreement or the obligation imposed by the original decree of divorce. The petitioner herein, as in Elsie B. Gale, supra, acquired her rights under the separation agreement and decree of divorce. It was these rights which she sought to enforce in her suit in Chancery Court of New Jersey. It is therefore apparent that the sum of $14,000 represents satisfaction of those rights. The petitioner relies upon the case of Frank J. Loverin, 10 T. C. 406, as support for the proposition that the sum of $14,000 constitutes a lump-sum payment such as to exclude it from the taxable income of the petitioner within the meaning of section 22 (k). In the Loverin case, the taxpayer was divorced from his wife in the State of New York in 1940. The divorce decree provided that the taxpayer pay his wife $60 per week for support and maintenance. His wife had filed suit against the taxpayer alleging conversion of household goods which belonged to her. She sought a judgment of $3,000. This suit was pending on January 2, 1942. On January 2, 1942, the taxpayer and his former wife entered into an agreement, conditioned upon her remarriage, wherein the taxpayer was to pay her $8,500, together with $1,500 for attorney’s fees, and wherein she agreed, among other things, to accept the settlement in lieu of any and all further payments of alimony or her maintenance and support, to dismiss the lawsuit alleging conversion of her goods, to sign the necessary papers to obtain an order vacating that part of the divorce decree obligating him to pay her $60 weekly for her support and maintenance, to release her right of dower or share in his estate, and to waive the right of election to take against his last will and testament. The taxpayer paid his former wife $10,000 and paid his own attorney $1,000. On January 13, 1942, the divorce decree was modified by annulling the provision for payments of $60 per week for support and maintenance. The taxpayer claimed a deduction for the $11,000 under section 23 (u) of the 1939 Code. This Court, after eliminating the $1,000 and $1,500 payments to attorneys as having no basis for a deduction under 23 (u), confined its attention to the $8,500 balance. It was pointed out that section 22 (k), in general, provided that periodic payments of alimony made pursuant to and subsequent to a divorce decree or a written instrument incident to a divorce, shall be taxable income to the divorced wife. It was further pointed out that lump-sum payments or installment payments of a specified principal sum were not “periodic payments” within section 22 (k), unless under the terms of the decree or instrument, the installments were to be paid over a period of more than 10 years. This Court, assuming under the facts in this matter that the 1942 agreement was incident to the divorce, stated that as the divorce decree had been modified to eliminate any support payments thereunder as of the beginning of 1942, the sum paid by the taxpayer and received by the wife was pursuant to the agreement entered into in 1942. This agreement contemplated neither periodic payments nor installment payments during a period exceeding 10 years. It dealt only with a single, lump-sum payment and, as such, was not taxable income within section 22 (k) nor a deduction within section 23 (u). Frank J. Loverin, supra, stands for the proposition that where a divorce decree is amended so that it no longer provides for alimony, and a separate agreement is entered into providing for a lump-sum payment of any and all future alimony, and also providing for the settlement of other claims or contingencies, the settlement agreement must stand on its own and not be confused with the divorce decree. As the agreement did not provide for periodic payments nor installment payments of a specified’sum over a period of more than 10 years, the payment does not fall within the purview of section 22 (k). In the instant proceeding there is a Nevada divorce decree, and the incorporation therein of a separation agreement which provided for certain payments of alimony. A suit was commenced by the petitioner requesting, inter alia, compliance with the separation agreement and relief under the Nevada divorce decree. The decree entered in said suit required the payment of $14,000 in satisfaction of arrearages under the agreement. The distinction between Frank J. Loverin, supra, and the instant proceeding is obvious. In Frank J. Loverin, supra, the payment was a lump sum in full payment of all future alimony and other claims of the former wife against the former husband. The agreement providing for such payment, as of the taxable year-1942, was the only instrument under which the taxpayer could possibly claim he was paying alimony, as the divorce decree had been modified on or about January 13,1942, to eliminate alimony payments. The Loverm case is clearly distinguishable upon its facts from this proceeding. The payment in the instant proceeding was not a payment in full settlement of future alimony but was in settlement of accrued alimony, which, as previously discussed, retains its “periodic” characteristics for the purposes of section 22 (k). The payment of $14,000 was in settlement of alimony arrearages for the years 1944 to 1947, inclusive, in the amount of $12,863.84, and for increased alimony due for the period January 1,1948, to September 15,1948, in the estimated amount of $1,136.16, which full amount constitutes taxable alimony income under the provisions of section 22 (k) of the Internal Revenue Code. A question of the severability of the agreement.of 1948, referred to in our Findings of 'Fact, similar to that considered by the Court of Appeals in Grant v. Commissioner, 209 F. 2d 430, was not presented by the parties in this case and there are not sufficient facts in the record herein upon which such an issue could properly be decided. The respondent’s determination is sustained. Decision will be entered for the respondent.