VIRGINIA B. ADRIANCE DAVIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 93628. Filed March 17, 1964.

*Joseph A. Perkins*, for the petitioner.
*Jones E. Davis*, for the respondent.

OPINION

The only question for our determination is whether the two $4,000 payments to petitioner during the year in question pursuant to the accord were periodic payments includable in petitioner's taxable income for that year or were installments of a principal sum and properly excludable from her taxable income. No issue is raised with

respect to the $300 included in petitioner's taxable income by respondent. Also, no issue is raised as to whether the accord was incident to a divorce decree. Cf. *Newton* v. *Pedrick*, 212 F. 2d 357 (C.A. 2, 1954).

The relevant section of the 1954 Code, section 71,[1] provides initially that the gross income of a divorced wife includes periodic payments received by the wife after the divorce decree in discharge of a legal obligation which, because of the marital or family relationship, is imposed on the husband under the decree or a written instrument incident to the divorce. That section next distinguishes lump-sum payments from periodic payments by declaring that where the terms of a decree provide for installment payments discharging a part of an obligation, the principal sum of which is specified in the decree, the payments are not considered periodic. Where, however, such principal sum is payable over a period extending beyond 10 years from the date of the decree, it provides that the installment payments are to be treated as periodic payments.

In the notice of deficiency respondent simply determined that the $8,300 of alimony income was includable in petitioner's taxable income for 1958. Petitioner claims that the accord modified the early agreement and the divorce decree and granted petitioner a lump-sum settlement of her ex-husband's obligations under the decree which is nontaxable to her as a principal sum specified in a decree or agreement, relying principally on *Frank J. Loverin*, 10 T.C. 406 (1948). On brief respondent's argument was that because of the contingencies contained in the accord, providing that the payments should continue only until the death of petitioner and that in the event of default by Adriance petitioner could enforce the original agreement, the two

---

[1] SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

(a) GENERAL RULE.—

(1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

    \*       \*       \*       \*       \*       \*       \*

(c) PRINCIPAL SUM PAID IN INSTALLMENTS.—

(1) GENERAL RULE.—For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments.

(2) WHERE PERIOD FOR PAYMENT IS MORE THAN 10 YEARS.—If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to the extent of 10 percent of the principal sum. For purposes of the preceding sentence, the part of the principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be treated as an installment payment for the taxable year in which it is received.

$4,000 payments do not qualify as installment payments of a principal sum *"specified"* in the accord within the meaning of section 71(a)(1) and hence are periodic. In other words respondent's position is that the contingencies made the payment of $8,000 uncertain and the amount that would be paid indefinite, so it cannot be considered a principal sum specified. He relies primarily on section 1.71–1(d)(3)(i), Income Tax Regs.[2]

We do not agree with respondent's arguments but must nevertheless decide this issue in favor of respondent for the reasons hereinafter mentioned.

We do not agree with respondent that payment of the $8,000 was contingent on petitioner's survival. There is nothing said in the first two paragraphs of the accord, which provide for the two $4,000 payments, which makes these payments contingent on petitioner's survival. But respondent argues that these provisions must be read as a part of the subsequent section of the accord providing for 15 annual payments, of $750 each, subject to the contingency of petitioner's death. We disagree. The individual paragraphs of the accord stand alone and are subject to interpretation individually. This Court has held that in such a situation, it is not necessary to press all provisions of such an agreement into the same mold when the parties have differentiated between them; and that the tax effect of the various provisions may be interpreted separately. *Edwin Bartsch*, 18 T.C. 65 (1952), affirmed per curiam 203 F. 2d 715 (C.A. 2, 1953). See also *Knowles* v. *United States*, 182 F. Supp. 150 (S.D. Miss. 1960), affirmed per curiam 290 F. 2d 584 (C.A. 5, 1961).

We think it is clear from the document itself and petitioner's testimony concerning why and how it was prepared and executed, that the intention of the parties was that the two $4,000 payments were for settlement of Adriance's past due obligations under the decree and that they were not contingent on the survival of either petitioner or Adriance. This makes the provisions of section 1.71–1(d)(3)(i), Income Tax Regs., inapplicable and distinguishes this case from the cases relied upon by respondent. In both *Helen Stewart Cramer*, 36 T.C. 1136 (1961), and *Burton* v. *United States*, 130 F. Supp. 121 (D. Utah 1956), no principal sum was specified in the agreement and the total sum to be paid would vary with the happening of certain contingencies.

---

[2] Sec. 1.71–1(d)(3)(i)   Where payments under a decree, instrument, or agreement are to be paid over a period ending 10 years or less from the date of such decree, instrument, or agreement, such payments are not installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree, instrument, or agreement (and are considered periodic payments for the purposes of section 71(a)) only if such payments meet the following two conditions:

(a) Such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and

(b) Such payments are in the nature of alimony or an allowance for support.

Respondent also asserts that under the last paragraph of the accord, petitioner had the right to enforce the terms of the original decree in the event of a default by Adriance in meeting the terms of the accord, and thus the time and amount of the payments were uncertain and hence do not qualify as installments on a principal sum specified in a decree or agreement. While it is true that upon default petitioner could enforce the terms of the original agreement and decree, nevertheless, she was bound by the terms of the accord as long as her former husband performed his obligations thereunder. See also Restatement, Contracts, secs. 417, 418. There was no uncertainty in the accord as to the obligation of Adriance to pay the $8,000 here involved, or as to the times and amounts of the payments. The provision had to do only with how the $8,000 was to be applied in the event of default by Adriance. Compare *Estate of John M. Jarboe*, 39 T.C. 690 (1963). And the accord was a separate contractual instrument and governs the deductibility of the payments made pursuant thereto. *Alton F. Lounsbury*, 37 T.C. 163 (1961), affd. 321 F. 2d 925 (C.A. 9, 1963); *Frank J. Loverin, supra.*

Thus, while we do not agree with the main thrust of respondent's argument, we feel we must nevertheless decide the issue in respondent's favor because of a doctrine established by a line of cases decided by this and other courts which was not discussed at length by either party in the briefs. That doctrine is that where a lump sum is paid in settlement of arrearages in alimony the payment retains the characteristics of the original payments for which it is substituted, and if the latter qualified as periodic payments the former does too. *Elsie B. Gale*, 13 T.C. 661 (1949), affd. 191 F. 2d 79 (C.A. 2, 1951); *Jane C. Grant*, 18 T.C. 1013 (1952), affd. 209 F. 2d 430 (C.A. 2, 1953); *Antoinette L. Holahan*, 21 T.C. 451 (1954), affd. 222 F. 2d 82 (C.A. 2, 1955); *Margaret O. White*, 24 T.C. 452 (1955); *Sarah Dalton*, 34 T.C. 879 (1960).

As previously stated we think it is apparent from the form of the accord and the language used, and the circumstances leading up to its adoption, that the two $4,000 payments were for accrued and unpaid alimony. Petitioner testified that she had been unable to collect the alimony payments that the divorce court had awarded her and that the accord was entered into because Adriance wanted to make a lump-sum settlement so there would be no further legal difficulties. The accord provided that the payments provided for therein were in full satisfaction of all of Adriance's obligations under the divorce decree, the only liquidated amounts of which were for past-due periodic payments of alimony. The fact that the $8,000 lump sum may have been less than the total amount of the arrearages, which cannot be determined from the record, does not deprive the amount in issue of

its original character. See *Antoinette L. Holahan, supra.* And the final paragraph of the accord provided that upon Adriance's default, petitioner could apply the sum already paid to the obligation for alimony for the months prior to the date of such default under the original decree.

There can be no question that the payments provided for in the original agreement and divorce decree, and as a consequence the arrearages, were periodic payments within the meaning of the statute which would have been taxable to petitioner had they been received when due. As said by the Court of Appeals for the Second Circuit in affirming this Court in the *Holahan* case:

It is perhaps unfortunate for the taxpayer that the * * * payment of the lump sum was not divisible into installment payments over the twenty lapsed years. However, that lump sum was a payment of arrears and was taxable when received [222 F. 2d 83].

We conclude that the two $4,000 payments here involved must be considered periodic payments of alimony under the cases last above cited and must be included in petitioner's taxable income for 1958.

Petitioner's reliance on *Frank J. Loverin, supra,* is misplaced because there the lump-sum payment provided in the subsequent agreement not only modified the divorce decree, eliminating therefrom all obligations on the part of the husband to pay support and maintenance, but was a settlement for all future payments of alimony. There were no past-due periodic payments involved. Here the reason for the accord was to collect for past-due periodic payments and to provide a reduced amount of periodic payments in the future, and the obligation to make periodic payments under the divorce decree was not eliminated entirely but was only suspended as long as Adriance met his obligations under the accord.

*Decision will be entered for the respondent.*