Stirton OMAN, Jr., Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 84–1553.

United States Court of Appeals, Sixth Circuit.

Argued June 4, 1985.

Decided July 12, 1985.

Janet B. Anderson (argued), William Waller, Waller, Lansden, Dortch and Davis, Nashville, Tenn., for petitioner-appellant.

John P. Griffith (argued), Glenn L. Archer, Jr., Michael L. Paup, Asst. Attys. Gen., Dept. of Justice, Tax Dept., Gary R. Allen,

Fred T. Goldberg, Jr., Chief Counsel, I.R.S., Washington, D.C., for respondent-appellee.

Before CONTIE and MILBURN, Circuit Judges; and WEICK, Senior Circuit Judge.

MILBURN, Circuit Judge.

Petitioner-appellant Stirton Oman, Jr., appeals from the decision of the Tax Court affirming the Commissioner of Internal Revenue Service's disallowance of deductions claimed by petitioner and finding an income tax deficiency. For the reasons that follow, we affirm.

## I.

In early 1976 petitioner and his wife, Linda, filed a joint 1975 federal income tax return and claimed a refund in the amount of Thirty-one Thousand, Six Hundred Twenty-three and 30/100 Dollars ($31,623.30). On March 5, 1976, Linda filed a petition for absolute divorce in a state court in Davidson County, Tennessee. On April 30, 1976, the Treasury Department issued a refund check for the amount of Thirty-one Thousand, Six Hundred Twenty-three and 30/100 Dollars ($31,623.30) payable to both petitioner and Linda Oman, which Linda deposited in her personal bank account even though the money belonged to petitioner, for tax purposes, because he was the sole income earner. Thereafter, Linda Oman withdrew Fifteen Hundred Dollars ($1500.00) on May 4, 1976, Two Thousand Dollars ($2,000.00) on June 8, 1976, and Two Thousand Dollars ($2,000.00) on June 25, 1976, for a total of Five Thousand, Five Hundred Dollars ($5,500.00). Linda's bank knew nothing about the pending divorce proceeding.

On July 30, 1976, after petitioner had demanded that the bank pay the entire proceeds of the refund check to him, the bank filed an interpleader action in the Davidson County state court which action was assigned to the same judge who was handling the petitioner's and Linda's divorce action. On August 3, 1976, the Davidson County Court ordered that Linda Oman receive an additional Five Thousand, Five Hundred Dollars ($5,500.00) from the interpleaded sum as alimony and support *pendente lite* from July 30 through October 12, 1976. Thereafter, on October 4, 1976, the Davidson County ·Court ordered that the remaining interpleaded funds be used to pay one of petitioner's personal debts.

On October 26, 1976, a decree of absolute divorce was entered ordering petitioner to pay his former wife One Thousand Dollars ($1,000.00) per month alimony and One Thousand Dollars ($1,000.00) per month child support. Alimony *in solido* in annual installments of Ten Thousand Dollars ($10,-000.00) was also ordered to be paid for eleven (11) years, but such is not at issue here. In the divorce decree the court characterized the Eleven Thousand Dollars ($11,000.00) that Linda Oman had received from the tax refund check as:

> ... this Court having heretofore directed that Five Thousand Five Hundred Dollars ($5,500) be awarded to the Plaintiff *as alimony pendente lite* and that the Plaintiff prior to the institution of said Chancery litigation expended another Five Thousand Five Hundred Dollars ($5,500) for which this Defendant should be given credit *as an additional alimony payment,* ... (Emphasis supplied.)

On his 1976 federal income tax return petitioner claimed a Seventeen Thousand, Eight Hundred Dollar ($17,800.00) alimony deduction including the Eleven Thousand Dollars ($11,000.00) that Linda had received from the income tax refund check. The Commissioner disallowed the Eleven Thousand Dollar ($11,000.00) deduction because the relevant transactions had not been "periodic" payments under 26 U.S.C. Section 71(a), and since the payments had not been *periodic,* the amounts were not includable in Linda's 1976 gross income. Under those circumstances, petitioner was not entitled to a 26 U.S.C. Section 215 deduction.

The Tax Court agreed with the Commissioner and ruled that since only petitioner had earned an income in 1975, the refund check, for tax purposes, belonged to him.

### II.

On appeal petitioner argues (1) that because the initial withdrawals by Linda legally belonged to him until the final divorce decree which gave him credit for them as support payments, the withdrawals should be treated as periodic alimony payments made by him to her pursuant to the divorce decree; and (2) that the later payment ordered by the divorce court as alimony *pendente lite* was part of a single stream of alimony payments for Linda's support and maintenance commencing from the date of the divorce action on March 5, 1976.

### III.

We are of the opinion that the Five Thousand, Five Hundred Dollars ($5,500.00) in withdrawals and the Five Thousand, Five Hundred Dollars ($5,500.00) awarded as alimony and support *pendente lite* are not periodic payments within the meaning of 26 U.S.C. Section 71(a) so as to be includable in Linda's 1976 gross income and deductible on petitioner's 1976 federal income tax return.

■ The term "periodic" is to be given its ordinary meaning. *Norton v. Commis-*

sioner of Internal Revenue, 16 T.C. 1216, 1218 (1951), *aff'd*, 192 F.2d 960 (8th Cir. 1951); *Charles R. Collins*, 48 T.C.M. (P–H) 2058, 2060 (1972). Payments are periodic when they are made at intervals or in sequence. *Baer v. Commissioner of Internal Revenue*, 16 T.C. 1418, 1422 (1951), *modified on other grounds*, 196 F.2d 646 (8th Cir.1952); *Norton, supra*, 16 T.C. at 1218. Lump sum payments are not periodic. *Norton, supra*, 16 T.C. at 1218; *Collins, supra*, 48 T.C.M. at 2060. *See also Baer, supra*, 16 T.C. at 1422; *Houston v. Commissioner of Internal Revenue*, 442 F.2d 40, 42 (7th Cir.1971); *Knowles v. United States*, 290 F.2d 584 (5th Cir.1961) (per curiam). 26 U.S.C. Section 71(a) further limits which periodic payments are includable in a former wife's gross income to those which are received *after* entry of the divorce decree (or written instrument incident to such divorce).

■ The withdrawals totaling Five Thousand, Five Hundred Dollars ($5,500.00) made by Linda Oman in May and June, 1976, clearly were not periodic within the meaning of Section 71(a).[1] These withdrawals were received by Linda Oman *be-*

---

**1.** Internal Revenue Code of 1954 (26 U.S.C.) as in effect at the time of this action provided:

SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

(a) *General Rule.—*

(1) *Decree of divorce or separate maintenance.*—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

\* \* \* \* \* \*

(c) *Principal Sum Paid in Installments.*—

(1) *General Rule.*—For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments.

(2) *Where period for payment is more than 10 years.*—If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to the extent of 10 percent of the principal sum. For purposes of the preceding sentence, the part of any principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be treated as an installment payment for the taxable year in which it is received.

\* \* \* \* \*

SEC. 215. ALIMONY, ETC., PAYMENTS.

(a) *General Rule.*—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or

*fore* any divorce decree or written instrument incidental to the divorce was issued. Under the plain language of Section 71(a), the withdrawals were not includable in Linda Oman's 1976 gross income. Accordingly, these "payments" were not deductible by petitioner under Section 215.

Petitioner seeks to avoid this result by arguing that the withdrawals were part of a single stream of alimony payments beginning with the withdrawals in May, 1976, continuing through the award of alimony and support *pendente lite* effective July 30, 1976, and further continuing after entry of the decree under which Linda Oman was to receive One Thousand Dollars ($1,000.00) in alimony and One Thousand Dollars ($1,000.00) child support per month.

However, the withdrawals from the bank account clearly were a different type of payment than the alimony payments ordered under the divorce decree. The Ninth Circuit has held that each different type of payment must be analyzed separately in order to determine whether it is periodic. Different types of payments are not automatically to be collapsed into a single stream of payments as petitioner argues. *See Bernstein v. Commissioner of Internal Revenue,* 622 F.2d 442, 445 (9th Cir. 1980).

As to the award of alimony and child support *pendente lite*, the government acknowledges that this Five Thousand, Five Hundred Dollars ($5,500.00) was received by Linda Oman pursuant to a written instrument incident to the divorce and that these funds were received after the order awarding alimony and child support *pendente lite* was entered. However, under *Bernstein, supra,* this award was sufficiently different from the award of alimony and child support granted in the decree that the award must be regarded as a lump sum payment rather than, as petitioner argues, as part of a sequence of alimony payments.

Finally, it should be noted that two cases relied upon by the petitioner are distinguishable. *Gale v. Commissioner of In-*

682, the amount thereof is not includible in the husband's gross income.

*ternal Revenue,* 13 T.C. 661 (1949), *aff'd,* 191 F.2d 79 (2d Cir.1951), involved an adjustment to admittedly periodic alimony payments made in prior years. The total adjustment of Nineteen Thousand Dollars ($19,000.00) paid after judgment in a lump sum was regarded as periodic because the additional amounts would have been part of clearly periodic payments had they been made when they should have been. The present case involves the issue of whether the payments provided for in the decree were periodic; in *Gale,* the payments provided for in the decree clearly were periodic, and the only issue was the proper amount of the payments.

In *Newman v. Commissioner of Internal Revenue,* 68 T.C. 494 (1977), the Tax Court addressed the issue of whether it would honor a state court order amending a prior divorce decree in *nunc pro tunc* fashion so that installment payments would be periodic under Section 71(c). The holding of the case is totally irrelevant for purposes of the present case.

### IV.

Accordingly, the judgment of the Tax Court is AFFIRMED.