CAROLINE M. COLEMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coleman v. Commissioner
Docket No. 699-87.
United States Tax Court
T.C. Memo 1988-442; 1988 Tax Ct. Memo LEXIS 481; 56 T.C.M. (CCH) 208; T.C.M. (RIA) 88442; September 15, 1988. Caroline M. Colemen, pro se. Robert E. Williams, Jr., for the respondent. PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) [1] of the Internal Revenue Code of 1986, and Rules 180, 181 and 182, Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1984 in the amount of $ 3,445. The only issue for decision is whether petitioner must report certain alimony payments received during the year at issue. Some of the facts are stipulated and are so found. At the time petitioner filed her petition she resided in Lutherville, Maryland. Petitioner *482 reports her income on the cash receipts and disbursements basis. Pursuant to petitioner's divorce, petitioner and her former husband executed an Agreement on December 16, 1980, which provided for the payment of alimony. The amount of petitioner's alimony was to be calculated with reference to an agreed formula based on petitioner's former husband's gross income less certain deductions. Under the agreement petitioner was to receive $ 2,000 per month with an annual adjustment which took into account the agreed formula. Any payment due under the formula for each year was to be paid no later than March 31 of the subsequent year. Petitioner determined that she was due additional payments under the formula for 1981, 1982 and 1983. Petitioner's former husband refused to make any further alimony payments. Petitioner commenced legal action against her former husband to recover additional alimony payments. Eventually petitioner was successful and in 1984 received a judgment for additional alimony due for years 1981, 1982 and 1983, in the amount of $ 10,550. Petitioner received the unpaid alimony adjustments in 1984. The dispute between the parties concerns the year in which $ 10,550 *483 of the total additional alimony payments received should be reported for income tax purposes. Respondent argues that the total payments received must be reported in 1984 because petitioner reports her income on the cash receipts and disbursements method. Petitioner contends that the payments should be reported in the tax year for which the unpaid alimony was due. There is no dispute that the $ 10,500 alimony payment was due for the years 1981, 1982 and 1983. When petitioner filed her 1984 income tax return she allocated the payment received to the respective tax years and recalculated her income tax for these years. Petitioner added the additional income tax to her tax liability for 1984. In the instant case there was a bona fide dispute between petitioner and her former husband over the amount, if any, that was due under the formula. This dispute was not resolved until the Maryland Court of Special Appeals determined on April 6, 1983, that petitioner was entitled to additional alimony payments for each of the years 1981, 1982 and 1983. On December 22, 1983, after the mandate was issued by the Court of Special Appeals, the Maryland Circuit Court issued a judgment which determined *484 the amount of the arrearages in petitioner's annual alimony. The payment along with interest was paid in 1984. A taxpayer under the cash receipts and disbursements method must report income for the taxable year when actually or constructively received. Section 1.446-1(c)(1), Income Tax Regs. It follows that petitioner must report the arrearages in alimony payments in 1984, the year of payment. Petitioner contends that the case of Gale v. Commissioner,13 T.C. 661 (1949), affd. 191 F.2d 79 (2d Cir. 1951), supports her position that the arrearages should be reported in the year for which the arrearages should have been paid rather than in the year of receipt. We fail to find support for petitioner's position in this case. Rather, we find that this case supports respondent's position that alimony payments for prior years are taxable in the year of receipt. Gale v. Commissioner, supra at 666. The issue in this case was whether or not the payments for past years were taxable as periodic alimony payments and, not as we have here, the proper year to report the income. Petitioner also argues that the result is not fair. She contends *485 that arrearages in alimony cause more tax to be paid than if such amounts were included in the year for which the payments were due. This may or may not be true depending on other factors. In any event this Court has no equitable jurisdiction and we must base our decision on the statutory provisions of the Internal Revenue Code. Commissioner v. Gooch Co.,320 U.S. 418 (1943); Hays Corp. v. Commissioner,40 T.C. 436 (1963), affd. 331 F.2d 422 (7th Cir. 1964); also see Clark v. Commissioner,T.C. Memo. 1981-102. At the trial of this case respondent agreed to calculate the income tax due by considering income averaging, which was not done in the notice of deficiency. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All subsequent section references are to the Internal Revenue Code of 1954, as amended. ↩