when the property was purchased, not to pay for it." Wheeler & Wilson Co. v. Keeler, 65 Hun, 508, 20 N. Y. Supp. 388; Hotchkin v. Third Nat. Bank of Malone, 127 N. Y. 329, 27 N. E. 1050.

Several other grounds are urged as calling for a reversal of the judgment; but we have not considered them, preferring to place our decision upon the ground that from the record as it comes to us the title to the lumber passed by delivery to the defendant's assignor.

The judgment appealed from, therefore, is reversed, and a new trial ordered, with costs to appellant to abide event. All concur.

---

(143 App. Div. 269.)

### CLARKE v. ACME BLDG. CO.

(Supreme Court, Appellate Division, First Department. March 10, 1911.)

1. NEW TRIAL (§ 163*)—ORDER GRANTING NEW TRIAL—RESETTLEMENT OF ORDER—STATEMENT OF GROUNDS.

    It is within the power of the court to resettle an order granting a new trial.

    [Ed. Note.—For other cases, see New Trial, Dec. Dig. § 163.*]

2. APPEAL AND ERROR (§ 933*) — ORDER FOR NEW TRIAL — STATEMENT OF GROUNDS—PRESUMPTION.

    Under rule 31, General Rules of Practice, providing that when an order grants a new trial, except on exceptions at the trial, it shall specify the grounds on which it was moved for, and on which it was made, where no ground is stated in an order granting a new trial, it will be presumed that it was made on exceptions taken during the trial.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3425, 3772–3776; Dec. Dig. § 933.*]

3. NEW TRIAL (§ 163*)—CONDITIONS ON RESETTLEMENT OF ORDER FOR NEW TRIAL.

    The case on appeal from an order granting defendant a new trial was settled by consent and filed, and defendant, discovering that the original order was insufficient to present the question whether the verdict was against the evidence, gave plaintiff notice of a motion to resettle the order, and an order of resettlement was made, by which plaintiff's appeal from the original order became ineffectual. Held, that the order of resettlement should have been granted only on payment of costs to plaintiff, with the right to discontinue his appeal from the original order, without costs, to withdraw the papers filed on his appeal, and to have papers served on defendant returned, and defendant to pay the costs of printing plaintiff's briefs on appeal from the original order and of the resettled order upon a new appeal.

    [Ed. Note.—For other cases, see New Trial, Dec. Dig. § 163.*]

Appeal from Special Term, New York County.

Action by James K. Clarke against the Acme Building Company. From an order denying plaintiff's motion to vacate an order as resettled, setting aside a verdict, and granting a new trial, plaintiff appeals. Modified and affirmed.

Argued before CLARKE, McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

James H. Hickey, for appellant.
W. Bernard Vause, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DOWLING, J.   The learned justice was not only clearly within his rights in resettling the order granting a new trial, but it was his duty to state the grounds upon which the new trial was granted in the order directing same.   Rule 31, General Rules of Practice.   Nor is there any question but that in its final form the order correctly states the ground upon which he set aside the verdict, as he intimated to plaintiff's counsel, while the jury were deliberating, he would do, if it were for the plaintiff.

But we think that, in view of the situation in which plaintiff was placed, through no fault of his own, the terms imposed were not adequate.   The case on appeal from the original order had been settled on consent.   It was served on November 21, 1910, and filed December 23, 1910.   Plaintiff had noticed the appeal for argument on January 10, 1911, and an adjournment was had until January 18th; defendant agreeing to serve its brief by January 13th.   The notice of motion to resettle the order was given on January 11th, and the order of resettlement was made January 16th.   When the resettled order was once entered, the plaintiff's appeal from the original order became ineffectual, and it would be unjust to permit him to suffer any loss because of the changed conditions, due to defendant's discovery of the infirmity of the original order as a means of presenting the question of whether or not the verdict was against the weight of evidence; the presumption under rule 31 being, where no ground is stated in the order, that it was made on the exceptions taken during the trial.   It was defendant's duty to see that the order entered on its motion was properly framed, and it unduly delayed in so doing, when its action was not taken until after an appeal had been taken and the papers thereon printed.

In addition to the $10 motion costs allowed plaintiff on the resettlement, the following terms should therefore be imposed: (1) Plaintiff should be allowed to discontinue his appeal from the original order, without costs.   (2) Plaintiff should be allowed to withdraw the papers heretofore filed on said appeal, and defendant should return such papers therein as may have been served on him.   (3) Defendant should pay for the printing of plaintiff's briefs on the appeal from the original order, and of the resettled order upon a new appeal.

As thus modified, the order appealed from should be affirmed, without costs.   All concur.