Bena Shea, Appellant, *v.* James E. Judson et al., Defendants, and Clark LaPoint et al., Respondents.

Argued June 14, 1940; decided July 24, 1940.

394

*J. Clarence Herlihy* for appellant. The plaintiff was entitled to the most favorable view of the evidence. (*Woodruff* v. *Germansky,* 233 N. Y. 365; *Jerome* v. *Queens City Cycle Co.,* 163 N. Y. 351; *Stevens* v. *O' Neill,* 169 N. Y. 375; *Hickok* v. *Auburn Light, H. & P. Co.,* 200 N. Y. 464; *King* v. *Village of Fort Ann,* 180 N. Y. 496; *Heskell* v. *Auburn Light, H. & P. Co.,* 209 N. Y. 86; *Bernstein* v. *Greenfield,* 281 N. Y. 77; *Cornbrooks* v. *Terminal Barber Shops, Inc.,* 282 N. Y. 217; *Sharp* v. *Erie R. R. Co.,* 184 N. Y. 100; *Layer* v. *City of Buffalo,* 274 N. Y. 135.) The verdict against the defendants-respondents was proper and should not have been set aside. It was not contrary to the law and should be reinstated. (*Horton* v. *N. Y. C. R. R. Co.,* 237 N. Y. 38; *Brehm* v. *D. & H. R. R. Corp.,* 240 App. Div. 936; 265 N. Y. 451; *Bernstein* v. *Greenfield,* 281 N. Y. 77; *Cornbrooks* v. *Terminal Barber Shops, Inc.,* 282 N. Y. 217; *Waldron* v. *City of Utica,* 228 App. Div. 37; *Proietti* v. *Castanzo,* 198 N. Y. Supp. 15; *Dashnau* v. *City of Oswego,*

204 App. Div. 189; *Lee* v. *City Brewing Corp.*, 279 N. Y. 380; *Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1.) The defendants-respondents were guilty of negligence. (*Ward* v. *Clark*, 232 N. Y. 195; *Merkling* v. *Ford Motor Co.*, 251 App. Div. 89; *Forte* v. *City of Albany*, 279 N. Y. 416; *Burd* v. *Bleischer*, 208 App. Div. 499; *Cornbrooks* v. *Terminal Barber Shops, Inc.*, 282 N. Y. 217.) The verdict of the jury should be reinstated. (*Countryman* v. *Breen*, 274 N. Y. 470; *Ward* v. *Clark*, 232 N. Y. 195; *Ferraro* v. *Garden City Park Fire Commissioners*, 259 App. Div. 121.)

*P. C. Dugan* and *Salvatore J. Leombruno* for respondents. The nonsuit was properly granted because the evidence was insufficient to justify a finding of negligence against the respondents. (*Crowley* v. *Fifth Ave. Coach Co.*, 249 App. Div. 408; 276 N. Y. 496; *Merkling* v. *Ford Motor Co.*, 251 App. Div. 89.) There is no justification for a finding of negligence against respondents. (*Garrett* v. *City of Schenectady*, 268 N. Y. 219; *Crowley* v. *Fifth Ave. Coach Co.*, 249 App. Div. 408.)

Rippey, J. At about 11:30 p. m. on the night of March 21, 1938, two taxicabs collided at the intersection of Bay and Sanford streets in the city of Glens Falls. The owner of one of the taxicabs was the defendant Judson and it was being operated with his permission and consent by the driver Evans. The other taxicab was owned by defendant LaPoint and his driver was the defendant Younger. The plaintiff was a passenger in the Judson car and brought this action against the owners and the drivers of both cars. Motions were made by all defendants for nonsuit and a dismissal of the complaint. At the close of the case the court denied the motions of defendants Judson and Evans but reserved decision on the motions of LaPoint and Younger. The case was submitted to the jury as to all defendants and a verdict was found against them all. Thereupon the defendants Judson and Evans moved to set aside the verdict under section 549 of the Civil Practice Act, which motion was denied. The defendants LaPoint

and Younger made a similar motion. Later an order was made by the trial judge without opinion granting both motions of the defendants LaPoint and Younger and dismissing the complaint as to them. The trial judge failed to state, in the order, the grounds on which the motion was granted. We must assume here that the trial judge held that there was no substantial evidence to go to the jury on the question of their negligence (Rules Civ. Prac., rule 224; *Clarke* v. *Acme Bldg. Co.*, 143 App. Div. 269). Without exception the court charged that all defendants admitted that the plaintiff did nothing which in any way brought about her injuries and admitted that she was free from negligence on her part. We need not consider, therefore, whether there was evidence to go to the jury on the question of her freedom from contributory negligence. The Appellate Division, by a divided court, affirmed the judgment entered upon the order setting aside the verdict and granting the motions of LaPoint and Younger for dismissal of the complaint and unanimously affirmed the order setting aside the judgment entered upon such verdict. The difference of opinion in the Appellate Division arises on the fact that a minority held that a new trial should have been granted by the trial judge. No permission was granted for leave to appeal from the unanimous order of the lower court affirming the order setting aside the judgment. It must be deemed that the appeal as taken brings up for review the question only as to whether the trial court was authorized to set aside the verdict of the jury as matter of law and dismiss the complaint. After examining the whole record we are satisfied that questions of fact were presented which required submission to the jury and that it was error to grant the motion for nonsuit and dismissal of the complaint.

The testimony as to the cause of the collision was conflicting and depended largely upon the testimony of interested witnesses — the two drivers of the taxicabs. The jury was entitled to accept the whole of the testimony of both drivers or such part of the testimony of either as they believed to be true if they discredited other parts

and to discard such parts as they discredited. There were traffic signals at the corners of the two streets with changes from red to green or *vice versa* and no intermediate change to amber. The testimony of Evans was that he was driving west on Sanford street toward Bay at some 20 to 25 miles per hour and as he approached Bay street he took his foot off the accelerator allowing the car to slow up somewhat. The light was green as he approached the corner and when he was probably 5 feet from the corner he looked and saw no cars proceeding either way on Bay street and proceeded with his car, but when the front fender of the car reached the curb line the light changed from green to red. He put on his brakes and turned his car to the right but he drifted into the intersection and the collision occurred. The testimony of Younger was that he was driving in a northerly direction at about 20 or 25 miles an hour on Bay street and about 300 yards south of the Sanford intersection the traffic light at the corner of Bay and Sanford was red but he continued on and when he reached about a hundred feet from the intersection the light turned green; that he proceeded on into the green light and he noticed the flashing of a light out of the corner of his eye and the collision occurred. From his own testimony and the testimony of others it appears that two persons were crossing the north crosswalk of Sanford street, directly in front of the LaPoint car, and were about halfway across when the light changed, whereupon they started to run, and the jury might have concluded from their testimony that their effort to get across was due to the immediate approach of the LaPoint car. It does not appear that they had any occasion to run to avoid being struck by the Judson car. If Evans' testimony was believed by the jury they must necessarily have discarded the testimony as to speed of the LaPoint car, for if Evans' testimony was true, instead of operating at 20, to 25 miles an hour Younger must have been going greatly in excess of that speed. At any rate the jury were authorized to find his testimony unreliable as to the speed with which he was operating. Such an inference might be drawn

from the condition of the cars after the collision. There is other direct testimony and there are inferences to be drawn from which the jury might have concluded that the cause of the accident was either wholly or in part the result of the negligence of Younger in the operation of his car. Even though Younger was authorized to proceed in the face of the green light, if he observed Evans in the intersection or so near as to render it likely that a collision would occur unless he reduced his speed or stopped his car or if the circumstances and conditions were such that, in the exercise of ordinary prudence, he ought to have made such an observation, he was not authorized to proceed blindly and wantonly without reference to the Evans car but was bound to use such care to avoid the collision as an ordinarily prudent man would have used under the circumstances. Under all the circumstances of the case it was for the jury to determine whether he exercised such care as was required of an ordinarily prudent man, though having in mind the fact that the lights gave him the right of way. Without detailing the evidence further, the question was correctly submitted to the jury as one of fact (*Lee* v. *City Brewing Corp.*, 279 N. Y. 380). It was error to hold that there was no evidence for their consideration upon the question of the legal responsibility of LaPoint and Younger for the accident.

The judgments should be reversed and a new trial granted, with costs in all courts to abide the event.

LOUGHRAN, FINCH, SEARS, LEWIS and CONWAY, JJ., concur; LEHMAN, Ch. J., dissents and votes to affirm.

Judgments reversed, etc.