In the Matter of the Claim of DAVID GREEN, Respondent, against THE PENNSYLVANIA RAILROAD COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from a decision of the State Industrial Board. The only point raised was that the claimant was engaged in interstate commerce when the accident happened. At the time of the accident he was repairing an empty baggage car in the Sunnyside Yards at Long Island City, N. Y. The State Industrial Board found that this car had then been taken out of interstate service and not reassigned to such service. Decision unanimously affirmed, with costs to the State Industrial Board. Present — Crapser, Acting P. J., Bliss, Heffernan, Schenck and Foster, JJ.

THOMAS G. WYLIE, Respondent, v. FRED P. STEVENS, Appellant.— Appeal from an order denying defendant's motion to dismiss the complaint wherein it is alleged in substance that an automobile owned by defendant, and operated by his employee, was so negligently driven on the highway as to collide with plaintiff's automobile causing damage thereto. Defendant-appellant cites *Newell* v. *Woodward* (241 App. Div. 786) wherein a similar complaint, having to do with the maintenance and operation of an amusement park, dance hall and the adjacent parking space causing plaintiff to fall into a ravine, was held bad because " the negligence under such an allegation might consist of any one of a wide variety of acts." In this case the complaint charged one negligent act, the careless operation of a motor vehicle. (*Peterson* v. *Eighmie*, 175 App. Div. 113.) The doctrine of *Turner* v. *Craney* (254 App. Div. 919) should not be extended beyond the facts of that case. Order affirmed, with ten dollars costs and disbursements. Hill, P. J., Heffernan, Schenck and Foster, JJ., concur; Bliss, J., dissents. Bliss, J. (dissenting): As recently as 1938 in *Turner* v. *Craney* (254 App. Div. 919) this court held that a complaint in almost the identical language of the one now before us did not state facts sufficient to constitute a cause of action. It was then stated that in such complaint no intimation of what it was proposed to prove the defendant did or omitted to do was stated and the complaint was, therefore, insufficient. The language of that opinion applies with equal force to the complaint now before us and there is no way of telling from this complaint what the defendant did or failed to do that constituted negligence.

BERNICE H. EISINGER, Appellant, v. FRANCIS H. EISINGER, Respondent.— Appeal from an order of the Supreme Court, entered in the Madison county clerk's office on February 19, 1940, which denied plaintiff's application for an order to docket a money judgment for arrears of alimony under a judgment for divorce in the sum of $125, with interest, modified a previous order of the court so as to reduce the arrears of alimony from $125 to fifty dollars, payable at the rate of five dollars per month, and reduced the future alimony from twenty dollars to fifteen dollars per month. Appellant contends that there was no power in the Special Term to reduce the alimony which had accrued under the judgment of divorce. This court held to the contrary in *Van Dusen* v. *Van Dusen* (258 App. Div. 1020). It was also contended that the reduction of the future monthly installments of alimony from twenty dollars to fifteen dollars was an abuse of discretion. Order unanimously affirmed, without costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.