SARAH DALTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 69748. Filed August 18, 1960.

*I. Meyer Pincus, Esq.*, for the petitioner.
*Colin C. MacDonald, Jr., Esq.*, for the respondent.

OPINION.

Opper, *Judge:* Whether the amounts received by petitioner are taxable under section 71(a), I.R.C. 1954,[1] depends primarily upon

---

[1] SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

(a) GENERAL RULE.—

(1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments * * * received after such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

\*        \*        \*        \*        \*        \*        \*

(c) PRINCIPAL SUM PAID IN INSTALLMENTS.—

(1) GENERAL RULE.—For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments.

(2) WHERE PERIOD FOR PAYMENT IS MORE THAN 10 YEARS.—If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to the extent of 10 percent of the principal sum. * * ⁀

whether the controversial amounts received pursuant to an agreement between petitioner and her former husband providing for a lump-sum settlement, sanctioned by the divorcing court, constituted alimony arrearages and whether they discharged a legal obligation imposed on the husband under such court's original decree.

While petitioner apparently agrees with respondent that a lump-sum settlement or installment payment of alimony arrearages meets the section 71 prerequisite of "periodic," if such amounts were paid when due and would have been then considered as "periodic," *Elsie B. Gale*, 13 T.C. 661, affd. (C.A. 2) 191 F. 2d 79; *Jane C. Grant*, 18 T.C. 1013, affd. (C.A. 2) 209 F. 2d 430, she argues that the settlement here was not related to her prior accrued alimony rights. With this we cannot agree. The testimony of petitioner's matrimonial representative that the $4,000 was not related to alimony arrearages and that it represented solely the settlement of other matrimonial difficulties in a single sum is speculative and seems merely negative and wholly unconvincing.[2] See *Jerome A. Blate*, 34 T.C. 121. Four thousand dollars was less than the total amount of arrearages accrued from the 1946 decree through the 1953 motion. The settlement terms related all payments to the original decree and even permitted a judgment in the specified original amounts in the event of default. The original proceeding was not discontinued. Petitioner's conditional consent to the validity of the Illinois decree and ultimately to discontinue the New York action, combined with her right to reinstate the arrearages, indicates that the settlement was intended to discharge the accrued alimony rights. And that the settlement failed to specify petitioner's consideration to be a substitute for arrearages does not establish this as an affirmative fact. We have accordingly found that the amounts received represented alimony arrears since, in any event, petitioner has not proved that they were not. See *Ann Hairston Ryker*, 33 T.C. 924, 929.

We think it necessarily follows that the payments in question were in discharge of the obligation imposed on the husband under the original decree. The only difficulty lies in the New York court's order that the "April 18, 1946 [decree and judgment] be vacated, without prejudice to a new trial in this action." Although when taken literally this seems to imply that no decree continued in existence under which any alimony would be payable, the same order not only confirmed the Daltons' agreement whereby the subsidiary stipulation to discontinue the New York action would be conditioned upon the husband's discharge of the $4,000 obligation and

---

[2] The attorney testified that it was her "personal feeling, that the legitimacy [of the children by his second wife] here is what he [the husband] was paying for more than anything else." This statement is far too conjectural to base any favorable findings on petitioner's behalf, particularly in the light of Ill. Ann. Stat., ch. 89, sec. 17a (Smith-Hurd), expressly assuring legitimacy in such circumstances.

in the meantime petitioner reserved the right to renew her motion for arrearages, but it was not even issued *nunc pro tunc* [3] nor with prejudice and on the merits.

And even assuming, without deciding that the 1946 decree was vacated prior to petitioner's receipt of the arrearages, it does not follow that the accrued alimony rights arising from such decree were automatically eliminated. While New York statutory and case law permit the courts there to divest a wife of unpaid sums or installments of alimony accrued, such rights not having vested prior to their reduction to judgment, New York Civil Practice Act, as amended, sections 1155, 1170, 1171–b; *Karlin* v. *Karlin*, 280 N.Y. 32, 19 N.E. 2d 669 (1939); *Eisinger* v. *Eisinger*, 261 App. Div. 1031, 26 N.Y.S. 2d 22 (1941); *Van Dusen* v. *Van Dusen*, 258 App. Div. 1020, 17 N.Y.S. 2d 96 (1940); *Griffin* v. *Griffin*, 327 U.S. 220, 226, petitioner has not cited, nor have we found, a case holding that the bare vacating of a final decree of divorce, having no retroactive effect and entered without prejudice, nullifies such rights.[4] Under *Helvering* v. *Fitch*, 309 U.S. 149, and *Helvering* v. *Leonard*, 310 U.S. 80, it was incumbent upon petitioner to prove the local law in her favor.

The taxpayer has the burden of showing by "clear and convincing proof" that the local law supports his contentions. [*Bonney* v. *Commissioner*, (C.A. 2) 247 F. 2d 237, 239, affirming 24 T.C. 199, certiorari denied 355 U.S. 906.]

See also *Pearce* v. *Commissioner*, 315 U.S. 543.

The situation here is entirely dissimilar to *Frank J. Loverin*, 10 T.C. 406, a case not involving alimony arrears, where an agreement executed subsequent to the decree of divorce provided for a lump-sum settlement in consideration, *inter alia*, of the wife's consent to annul the prior decree's alimony provisions, including all claims for future support and maintenance, and the divorcing court annulled its previous alimony order.

Petitioner's position throughout the taxable year, in invoking the continuous aid of the New York courts to preserve her rights to the alimony, can only lead to the conclusion that the amounts paid during 1954 constituted taxable income to her within the purview of section 71.

[3] As to the effect of *nunc pro tunc* decrees, see *Robert L. Daine*, 9 T.C. 47, affd. (C.A. 2) 168 F. 2d 449; *Peter Van Vlaanderen*, 10 T.C. 706, affd. (C.A. 3) 175 F. 2d 389; cf. *Velma B. Vargason*, 22 T.C. 100, 103–104, where we said: "In both the *Daine* case and the *Van Vlaanderen* case, the decree of the State court which was made retroactive in its provisions was not seeking to correct an error which had been made in the original decree but sought to change the status of the parties as it existed in prior years. Our Court held this could not be done, to change Federal tax liability for the prior years, and in this holding we were affirmed by the Circuit Courts."

[4] Cf. *Polizotti* v. *Polizotti*, 305 N.Y. 176, 111 N.E. 2d 869 (1953), a contempt proceeding, where the Court of Appeals held "the right to enforce payment of temporary alimony ends when the action in which it was awarded is terminated by settlement, abandonment, discontinuance, or dismissal of the complaint."

As for the remaining issue, the parties agree that petitioner is entitled to a deduction for the amounts retained by and paid to her attorney, in lieu of the standard deduction claimed, she having been unsuccessful under the principal issue. Accordingly, and to take into account an uncontested adjustment,

*Decision will be entered under Rule 50.*