■ JAMES LACOVARA, Respondent, v. FLEET TRANSPORTATION Co., INC., et al., Appellants, et al., Defendant.— In an action to recover damages for personal injuries sustained as the result of a collision at a street intersection between an automobile owned and operated by defendant Bracconier, in which plaintiff was a passenger, and an automobile owned by defendant Fleet Transportation Co., Inc., leased to defendant Libby, McNeill & Libby and operated by defendant Dalotto, all the defendants, other than defendant Dalotto (who was not served with process), appeal from a judgment of the Supreme Court, Queens County, entered March 4, 1960, after a jury trial, on a verdict of $30,000, in favor of plaintiff and against defendants (appellants) Fleet, Bracconier and Libby. Judgment affirmed, with costs. The complaint sufficiently alleged a cause of

action in negligence against the defendants (*Peterson* v. *Eighmie*, 175 App. Div. 113; *Wylie* v. *Stevens*, 261 App. Div. 1031); and, in any event, no claim to the contrary was advanced on the trial (cf. *Knapp* v. *Simon*, 96 N. Y. 284, 291-292). We are also of the opinion that the record presented questions of fact as to the negligence of all the defendants (cf. *Shea* v. *Judson*, 283 N. Y. 393; *Foster* v. *Fish*, 263 App. Div. 1044) and as to the nature and extent of plaintiff's injuries; and that the verdict, both as to liability and amount, was supported by the proof. With respect to the charge, defendants Fleet and Libby are in no position to urge that the trial court erred: (1) in refusing to charge, as they had requested, that the negligence of defendant Bracconier was imputable to plaintiff if the plaintiff, Bracconier and others were using " each others cars to get to work at different periods; " and (2) in charging, instead, that Bracconier's negligence was not attributable to plaintiff, since said defendants (Fleet and Libby) failed to except either to such refusal or to such charge (cf. *Brown* v. *Du Frey*, 1 N Y 2d 190, 195; Civ. Prac. Act, § 446). In any event, we are of the opinion that the court's ruling was correct (cf. *Allen* v. *Clark*, 148 Neb. 627). Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.