■ GEORGE LEACH, Respondent, v. PATROON CAB CORPORATION et al., Appellants, et al., Defendant. VINCENT CAMPBELL, Respondent, v. PATROON CAB CORPORATION et al., Appellants, et al., Defendant.— STALEY, JR., J. Appeal by defendants, Patroon Cab Corporation and Benjamin Solomon, from judgments of the Supreme Court, Albany County, in favor of the plaintiffs, George Leach and Vincent Campbell. On the 17th day of May, 1965, at approximately 1:30 A.M., a taxicab, owned by the defendant Patroon Cab Corporation and operated by the defendant Benjamin Solomon, was proceeding in a westerly direction on Hudson Avenue in the City of Albany. As the taxicab proceeded through the intersection of Hudson Avenue and South Pearl Street, it was struck on the rear left side by an automobile owned and operated by one James Valentine, which was proceeding in a northerly direction on South Pearl Street. The plaintiff, George Leach and one Tymoski, were passengers in the taxicab and, in this action, Leach has recovered a judgment against the defendants, Patroon Cab Corporation and Benjamin Solomon, in the sum of $12,394.71. The plaintiff, Vincent Campbell, was a passenger in the Valentine automobile and recovered a judgment in the sum of $1,176 against the defendants, Patroon Cab Corporation and Benjamin Solomon. Actions brought by the plaintiffs, George Leach and Vincent Campbell, against James Valentine, were settled prior to the trial of this action. The appellants contend that the evidence does not establish any negligence of the defendant-appellant Solomon. The testimony of Leach and Tymoski as to the cause of the accident is of no value since neither was able to relate how the accident happened. Valentine testified that he was operating his automobile in the northbound lane for traffic on South Pearl Street; that he was traveling approximately 25 to 30 miles per hour; that there was no traffic moving or stopped in the travel lanes on South Pearl Street; and that, when he was 40 to 50 feet south of the intersection, the traffic control signal was amber for traffic proceeding in his direction, and that he proceeded into the intersection and collided with Solomon's taxicab. Campbell testified that, when the Valentine automobile was 30 to 40 feet from the intersection, he noticed the traffic light turn amber, and that he did not remember any cars parked anywhere or any traffic on South Pearl Street prior to the collision. Solomon testified that he was operating his taxicab in a westerly direction on Hudson Avenue, traveling about 20 miles per hour; that, when he was about 10 feet from the intersection, he looked at the traffic light and it was green; that he looked to the left and right and could not see any traffic coming; that he saw two cars parked on South Pearl Street near the intersection and also two cars stopped on South Pearl Street to

his left waiting for the light to change. His testimony at an examination before trial, which was read in evidence on the trial, was to the effect that when he approached the intersection, the light was green and he went through without looking to the left or right. The testimony of one Tarasovich, an eyewitness to the accident, was that he was operating a panel delivery truck northerly on South Pearl Street and came to a stop at the intersection of South Pearl Street and Hudson Avenue behind another car which was stopped because the traffic light was red; that the Valentine automobile passed the stopped vehicles and entered the intersection and collided with the taxicab; that there were three cars parked on the east side of South Pearl Street to his right; that the light was green for the taxicab; and that the driver of the taxicab, as he approached the intersection, had his head up looking at the light. The conduct of both drivers approaching an intersection controlled by a traffic light must be consistent with reasonable care under the circumstances by exercising forebearance and caution regardless of the light. Under all of the circumstances of the case, the question of the defendant Solomon's negligence was a question of fact for the jury. (*Shea* v. *Judson*, 283 N. Y. 393.) Judgments affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Staley, Jr., J.