Harold C. **HOLLOWAY** and Sally B.
Holloway, Plaintiffs-Appellants,

v.

**UNITED STATES** of America,
Defendant-Appellee.

No. 23515.

United States Court of Appeals,
Ninth Circuit.

June 23, 1970.

Alfred L. Margolis (argued), L. Dean Petty, Beverly Hills, Cal., for plaintiffs-appellants.

Ann E. Belanger (argued), Atty., Tax Division, Dept. of Justice, Johnnie M. Walters, Lee A. Jackson, Thomas L. Stapleton, Michael Rogovin, Asst. Attys. Gen., Tax Division, Washington, D. C., Wm. M. Byrne, Jr., U. S. Atty., Charles Magnuson, Asst. U. S. Atty., Los Angeles, Cal., for defendant-appellee.

Before DUNIWAY and HUFSTEDLER, Circuit Judges, and POWELL, District Judge.*

POWELL, District Judge:

Appellants, Mr. and Mrs. Harold C. Holloway, appeal from a judgment of the District Court dismissing their complaint for a tax refund in the amount of $8,294.-76. This Court has jurisdiction under 28 U.S.C. § 1291.

In December of 1953 Mr. Holloway and his former wife, Dona Holloway (now Dona Lichtenfield), executed a property settlement agreement. That agreement provided in pertinent part:

"ARTICLE TWELFTH: The Husband covenants and agrees to pay to the Wife for her support and maintenance the sum of Seventy-Five Dollars ($75.-00) per week commencing on the first week following the execution of this

---

* The Honorable Charles L. Powell, United States District Judge for the Eastern District of Washington, sitting by designation.

agreement. In the event that for any reason the wife becomes unemployed at any time, the Husband covenants and agrees to pay to the Wife for her support and maintenance the sum of One Hundred Dollars ($100.00) per week commencing on the first week following such unemployment and continuing until the Wife shall become employed again.

In addition to any of the payments hereinabove provided for in this Article 12, the Husband agrees to pay to the Wife for her support and maintenance a sum equal to one-third (⅓) of the Husband's gross income in excess of Twenty-Five Thousand Dollars ($25,000.00) per year. Said sum shall be payable within sixty (60) days after the preceding twelve-month period used in determining the Husband's gross income per year.

In addition to any of the payments hereinabove provided for in this Article 12, the Husband agrees to pay for any extraordinary hospital, medical and dental expenses incurred by the Wife. All of these payments for the Wife's support and maintenance shall continue until the Wife shall re-marry or die, whichever shall first occur, and are subject to further order of the Court of competent jurisdiction."

In May of 1955 Harold and Dona Holloway were granted a decree of divorce.

By 1964 payments from Mr. Holloway were over $100,000 in arrears under the aforementioned agreement. Dona Lichtenfield's attorney wrote Mr. Holloway three letters concerning the delinquency. The last was dated September 22, 1964, and stated in substance:

"This is the third letter that I have written you in connection with your delinquency under the Property Settlement Agreement entered into between yourself and your former wife. Unless I hear from you in the immediate future, I will be compelled to take appropriate legal action to enforce your obligations thereunder."

Following this letter the parties held a meeting and reached an understanding modifying their original property settlement agreement. The modification in pertinent part provided:

" * * *

RECITALS

A. The parties hereto entered into a Property Settlement Agreement, dated the 29th day of December, 1953. Thereafter, Harold C. Holloway obtained a divorce from Dona Holloway in the Superior Court of the State of California, in and for the County of Los Angeles, in the case entitled Harold C. Holloway, Plaintiff, v. Dona Holloway, Defendant, No. D 466901.

B. Harold C. Holloway has not made all of the payments to Dona Holloway required of him under the terms of Article Twelfth of the above-described Property Settlement Agreement. It is the parties desire that such indebtedness of Harold C. Holloway to Dona Holloway be forgiven and canceled.

C. The parties desire to delete and revoke Article Twelfth and Article Seventeenth of said Property Settlement Agreement and to add other provisions in lieu of Article Twelfth of said Property Settlement Agreement.

NOW, THEREFORE, IT IS AGREED:

1. That ARTICLE TWELFTH and ARTICLE SEVENTEENTH of the Property Settlement Agreement, described in Recital A above, be and they are hereby deleted and revoked in their entirety.

2. In lieu of ARTICLE TWELFTH, the following be and is hereby added to the other terms of said Poperty Settlement Agreement:

ARTICLE TWELFTH: Harold C. Holloway covenants and agrees to pay to Dona Holloway, her heirs, executors, personal representatives, successors and assigns, the sum of $45,000.00, payable $15,000.00 on January 1, 1965;

$15,000.00 on January 1, 1966; and $15,000.00 on January 1, 1967. Harold C. Holloway further agrees to pay for any extraordinary hospital, medical and dental expenses incurred by Dona Holloway.

3. *Except as herein provided, any and all past indebtedness of Harold C. Holloway to Dona Holloway under the terms of the former Article Twelfth of said Property Settlement Agreement is forgiven and canceled.*

4. Except as hereby modified, all of the remaining terms and provisions of said Property Settlement Agreement, shall remain in full force and effect." (Emphasis added)

In December of 1964 the parties executed the modified agreement and Mr. Holloway paid the first of three $15,000 installments. This amount was claimed by him as a deduction in his 1964 tax return.

The District Director disallowed the deduction and assessed a deficiency. Appellants paid the assessment and this suit followed.

At the trial Dona Lichtenfield testified that she had not enforced her right to past due payments. She was not aware of what the figure for the arrearages might have been. She was concerned about the resumption of payments. (R. T. 29–30). The defendant argued from her testimony that any past indebtedness from Mr. Holloway to her was "forgiven and canceled" and that the $45,000 figure contained in the modified property settlement agreement represented consideration for the relinquishment of her right to future alimony payments.

The District Court entered judgment for the defendant and stated in its conclusions of law that:

"Plaintiffs failed to prove that the three $15,000.00 payments under the 'AGREEMENT AMENDING PROPERTY SETTLEMENT AGREEMENT' or any part thereof· were for arrearages in alimony."

The parties agree that Mr. Holloway's obligation under ARTICLE TWELFTH of the original property settlement agreement was in the nature of alimony to Dona Lichtenfield, taxable to her and deductible by him. They disagree as to whether the $45,000 obligation of Mr. Holloway by the modified property settlement agreement was in discharge of alimony in arrearage or solely in discharge of any future alimony obligations.

The Internal Revenue Code of 1954, 26 U.S.C. § 71 provides in part as follows:

"(a) *General rule.*—

(1) *Decree of divorce or separate maintenance.*—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

\*    \*    \*    \*    \*    \*

(c) *Principal sum paid in installments.*—

(1) *General rule.*—For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments.

(2) *Where period for payment is more than 10 years.*—If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to

the extent of 10 percent of the principal sum. For purposes of the preceding sentence, the part of any principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be treated as an installment payment for the taxable year in which it is received. * * * "

26 U.S.C. § 215 provides:

"(a) *General rule.*—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. * * *."

■ The foregoing code provisions have been interpreted to mean that if a lump sum payment is made to satisfy arrearages, it retains the characteristics of the original payments for which it is substituted. If the earlier agreement to make periodic payments qualified as a deduction to the taxpayer husband so does the lump sum payment substituted therefor. Holahan v. Commissioner, 21 T.C. 451 (1954), aff., 222 F.2d 82 (2nd Cir. 1955); Grant v. Commissioner, 18 T.C. 1013 (1952), aff., 209 F.2d 430 (2nd Cir. 1953); Dalton v. Commissioner, 34 T.C. 879 (1960).

■ Similarly, if the lump sum payment is also made to satisfy the taxpayer's obligation to pay alimony in the future, but the "nub" of the payment is for past arrearages, the entire amount is nevertheless deductible by the taxpayer if it is equal to or less than the amount of arrearages.

This is the position taken by courts that have considered this question, e. g., Grant v. Commissioner, supra, and by the Commissioner of Internal Revenue in Rev.Rul. 67–11, IRB 1967–3. In that ruling the Commissioner said:

" * * *, the entire lump-sum payment of 150x dollars, made in this case under an agreement *to satisfy past, present, and future obligations under the divorce decree*, is a payment of arrearages in alimony, which is taxable to the wife and deductible by the husband, since such lump-sum payment is less than the aggregate amount of the arrearages." (Emphasis added). Rev. Rul. 67 at p. 17.

■ It is our opinion that the evidence in this case leaves no doubt that the payment under consideration here was to satisfy past, present and future obligations under the original property settlement agreement. Since the lump sum settlement was substantially less than the amount of the arrearages the taxpayers in this case are entitled to deduct each installment payment in computation of their income tax as a payment of past arrearages of alimony.

We reach this conclusion upon consideration of these facts: (1) The modified agreement expressly mentioned past arrearages when referring to the settlement figure as follows: "3. Except as herein provided, [preceding paragraph contains settlement sum] any and all past indebtedness of Harold C. Holloway to Dona Holloway under the terms of the former Article Twelfth of said Property Settlement Agreement is forgiven and canceled."; (2) The correspondence between the parties just prior to the formation of the modified agreement concerned only Mr. Holloway's delinquency in alimony payments; (3) The settlement figure was $45,000 while the amount of arrearages was in excess of $100,000.

Inferences that could have been drawn from Mrs. Lichtenfield's testimony, to which we earlier referred, are insufficient to overcome that unambiguous documentary evidence. Her testimony relates only to her own motivation in signing the agreement; it tells us nothing about the intention of her former husband in doing so; it does not expressly contradict the language of the instrument. The District Court's finding that no part of the payments was attributable to alimony arrearages is clearly erroneous. Accordingly we reverse with directions to the District Court to enter judgment for the appellants in the sum of $8,294.76, with interest from the date of payment thereof.