■ BELLA FINE, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant.— In consolidated negligence actions to recover damages for personal injuries, defendant New York City Transit Authority appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Kings County, dated June 8, 1971, as is against it and in favor of plaintiff, upon a jury verdict after trial on the issues of liability only. Interlocutory judgment affirmed insofar as appealed from, with costs. Plaintiff sustained injuries when she was hit by an automobile, driven by defendant Zito, while crossing Avenue T at its intersection with Coney Island Avenue in Brooklyn, New York. At the point of impact, Zito was proceeding westbound in the eastbound lane of Avenue T, having allegedly swerved into that lane to avoid a collision with a southbound Coney Island Avenue bus, operated by the defendant Transit Authority, which had also entered the intersection. The jury absolved Zito of negligence and no appeal is properly before us on that aspect of the jury verdict. In our opinion, the verdict in favor of plaintiff and against the defendant Transit Authority was neither inconsistent nor against the weight of the evidence. Even assuming that both plaintiff (in crossing Avenue T) and the Transit Authority bus (in proceeding southbound on Coney Island Avenue through the intersection) proceeded with the green light in their favor, the bus driver had a duty to exercise reasonable care to avoid a collision with the Zito automobile which had not yet cleared the intersection. This duty obtained whether Zito had entered the intersection law-

fully or unlawfully; and the jury could find that it was breached in this case and that the breach contributed to the happening of the accident (*Shea* v. *Judson*, 283 N. Y. 393, 398). Rabin, P. J., Hopkins, Christ, Brennan and Benjamin, JJ., concur.