■   KATHLEEN STUMP, an Infant, by BENNIE L. STUMP, Her Natural Guardian, et al., Appellants, v. JAY M. SEGALL et al., Respondents.— Judgment affirmed, without costs. Memorandum: Viewing the evidence most favorably to the plaintiff, it established that the sports car in which infant plaintiff was a passenger, proceeding east in the west-bound lane of Route 39 (a two-lane highway), passed a tractor-trailer standing in the east-bound lane waiting for a green light at the intersection of Route 219 (the highway on which defendant was proceeding north), and accelerating its speed, the sports car entered the intersection against a red light, striking defendants' vehicle on the left side in the northeast quadrant of the intersection. Defendant driver had made observation of the area of the intersection and had seen the standing tractor-trailer, approximately 50 feet in length, as he approached the intersection at a speed not in excess of 40 miles per hour and he entered the intersection with the green traffic light in his favor. Applying the rule of law stated in Shea v. Judson (283

N. Y. 393) relied on by plaintiff, it is clear that defendant could not be found to have failed to make the observation and exercise the care in the operation of his vehicle required of a reasonable and prudent man. Traffic on the eastbound lane of Route 39 was stopped at the intersection by the tractor-trailer. Had defendant observed moving traffic east-bound behind it he would have had no reason to apprehend danger from it, effectively blocked as it was by the standing tractor-trailer at the intersection. While he reasonably would not have anticipated a vehicle passing the standing vehicle by crossing to the wrong side of the road, had he observed it pass the rear of such vehicle his view of 50 feet from the rear of the tractor-trailer to the intersection was blocked by the bulk of the vehicle and he could not reasonably be required to anticipate it would accelerate its speed and enter the intersection from behind the tractor-trailer against a red light (see *Casiano* v. *Weinstein & Son Floor Covering Corp.*, 37 A D 2d 564). There was no violation by defendants of the rule that a driver favored with a green light has a duty not to proceed " blindly and wantonly " into an intersection. By the time defendant driver had proceeded to where he could see the oncoming east-bound car in such a position that he reasonably could be expected to apprehend danger of a collision, he was already into the intersection and whatever his speed the collision could not be avoided by him. All concur, except Witmer and Simons, JJ., who dissent and vote to reverse the judgment and grant a new trial, in the following memorandum: The jury could find that the the Cutway vehicle in which plaintiff was a passenger was traveling easterly on route 39 at the rate of 30 to 35 miles per hour and accelerating as it passed the standing tractor-trailer and proceeded against the red traffic light into the intersection, striking defendants' automobile in the left front side in the northeast quadrant of the intersection. The jury could also find that the driver of defendants' vehicle was traveling northerly on Route 219 toward its intersection with Route 39; that he was unfamiliar with that intersection, did not know that Route 39 was only a two-lane highway and that, therefore, the Cutway vehicle in passing the tractor-trailer was traveling in the west-bound lane, did not know precisely his whereabouts and was looking for another route which was not in this area, and did not observe the Cutway vehicle overtaking the tractor-trailer and passing it until the instant before the Cutway vehicle entered the intersection and struck defendants' vehicle; and that defendant driver did not slacken his speed as he proceeded through the intersection. We are not here concerned with the possible contributory negligence of the infant plaintiff passenger in the Cutway vehicle. If reached, that question clearly would be for the jury. Our sole question is whether an issue of fact existed for the jury with respect to the conduct of defendant driver as he entered the intersection. The fact that the traffic light was green for him was an invitation for him to proceed through the intersection, and he had the right to assume that the light was red for traffic on the intersecting route and that such traffic would obey the law and stop. Nevertheless, he had the duty to exercise due care on entering the intersection. The evidence that the Cutway vehicle was accelerating as it proceeded by the tractor-trailer which then obscured it from the defendant driver, and the facts that the latter was unfamiliar with the intersection, that the Cutway vehicle was visible to him before it started to pass the tractor-trailer, and that his view to his left, in general, was obscured by that standing tractor-trailer, presented a question of fact for the jury as to whether defendant driver exercised due care as he proceeded into the intersection with unslackened speed (*Shea* v. *Judson*, 283 N. Y. 393, *supra*; 1 NY PJI 165). Of course, had defendant driver been traveling at 10 or 15 miles per hour a different question would have been presented (see *Zwilling* v. *Harrison*,

269 N. Y. 461; *Casiano* v. *Weinstein & Son Floor Covering Corp.*, 37 A D 2d 564, *supra*). (Appeal from judgment of Erie Trial Term dismissing complaint in automobile negligence action.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Simons, JJ.