■ HUGH MacDOUGALL et al., Appellants, v JOHN E. CRANKER, JR., et al., Respondents.—Appeal from a judgment of the Supreme Court, entered June 25, 1975 in Schenectady County, upon a verdict in favor of defendants of no cause of action. This is a negligence action arising out of an automobile accident which occurred at the intersection of Dunnsville Road and Settle Hill Road in the Town of Guilderland, Albany County. The accident happened about 2:50 P.M. on a clear, dry day. Plaintiff Edna MacDougall was operating her automobile in an easterly direction on Dunnsville Road and defendant Janice Cranker was operating a vehicle owned by her father (defendant John Cranker) in a northerly direction on Settle Hill Road. There was a yield sign for traffic approaching the intersection from the south on Settle Hill Road. The two vehicles collided in the intersection. After a trial, the jury returned a verdict of no cause of action and this appeal ensued. In urging reversal, plaintiffs contend that the accident occurred solely through the negligence of the defendant driver and that the court erred in failing to marshal the evidence and relate the law to the facts. More specifically, plaintiffs contend defendant's testimony that she could see to the west, and that she stopped at the intersection and looked, but did not see the other car, is incredible as a matter of law and that her

actions constituted negligence. Defendants, on the other hand, contend that plaintiff, knowing she had the right of way, paid little attention to defendant's car after observing it some 500 feet from the intersection. They call attention to plaintiff's testimony that she was looking at the road ahead and did not observe defendant's car as it approached the yield sign. The proof presented questions of fact and credibility on the critical issues of negligence and contributory negligence which were for the jury to resolve. Even though plaintiff had the right of way, her conduct had to be consistent with reasonable care under all of the circumstances by exercising forbearance and caution regardless of the yield sign. (Shea v Judson, 283 NY 393; Leach v Patroon Cab Corp., 27 AD2d 769.) The jury could have concluded on this record that plaintiff's actions, under the circumstances, constituted negligence which contributed to the happening of the accident. Consequently, if the jury found plaintiff negligent it was sufficient to defeat her cause of action, even though they might also have found defendant negligent. Plaintiff's reliance on Zipay v Benson (47 AD2d 233) is misplaced. The Zipay case is manifestly distinguishable. In that case the facts were somewhat involved. There were two defendants, cross actions and a third-party action, and the court in its charge did not discuss the facts or mention the contentions of the parties. In the instant case we have an uncomplicated two-car accident at an intersection. Furthermore, the court, in its charge to the jury, mentioned the contentions of the parties and also, to some extent, discussed the facts. Considering the record in its entirety, we are of the view that the jury's verdict should be affirmed. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.