EUGENE E. WICKWORTH AND INEZ WICKWORTH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wickworth v. Commissioner
Docket No. 9298-76.
United States Tax Court
T.C. Memo 1978-14; 1978 Tax Ct. Memo LEXIS 503; 37 T.C.M. (CCH) 49; T.C.M. (RIA) 780014; January 12, 1978, Filed Harry N. Ray, for the petitioners. James C. Lanning, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, *504 Judge: Respondent has determined a deficiency in petitioners' Federal income tax for 1973 in the amount of $872.64. The issue is whether a payment made in settlement of an obligation to pay alimony is deductible under sections 215 and 71. [1]
This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners Eugene E. Wickworth and Inez Wickworth timely filed a joint Federal income tax return for 1973 with the Director of Internal Revenue in Ogden, Utah. When they filed their petition, petitioners resided in St. Paul, Minnesota. Petitioner Eugene E. Wickworth (hereafter petitioner) was formerly married to Janet Wickworth. They were divorced on June 12, 1964, by decree entered in the District Court of Ramsey County, Minnesota. Among other things, the decree required petitioner to pay Janet $30 per week in alimony. On November 27, 1972, petitioner and Janet agreed by stipulation to amend the divorce decree. In lieu of Janet's right to any past, *505 present, and future alimony, petitioner agreed to pay her $7,500. That sum was to be paid in two installments: $3,500 on or before January 2, 1973, and $4,000 on or before January 2, 1974. The stipulation was subsequently incorporated in the divorce decree by order of the court. On December 13, 1973, petitioner issued a check to Janet for $4,000, which was negotiated and duly honored by the drawee bank. The issue is whether petitioner may deduct the $4,000 payment as alimony. Petitioner contends that because the payment was made incident to the original divorce decree, and because his alimony payments for the prior years together with the lump sum payments would equal an amount greater than his ex-wife would have received in ten years under the original decree, the payment is periodic within the meaning of section 71(a)(1). Petitioner also contends that respondent has applied sections 71 and 215 in an illogical and unjust manner. Respondent contends that the lump sum payments required by the 1972 stipulation are neither periodic payments within the meaning of section 71(a)(1) nor installment payments which, under section 71(c)(2), are treated as periodic payments. Therefore, *506 respondent concludes, the payment in 1973 is nondeductible under section 215. Section 215 allows a deduction for alimony payments if those payments are includable in the recipient spouse's gross income under section 71. Section 215(a). Section 71 provides that if a wife is divorced from her husband under a decree of divorce, her gross income includes periodic payments received in discharge of a legal obligation which, because of the marital relationship, is imposed on the husband under the decree. Section 71(a)(1). Generally, installment payments discharging a part of an obligation the principal sum of which is specified in the decree are not treated as periodic payments. Section 71(c)(1). Thus cash settlements in lieu of an obligation to make future alimony payments ordinarily are not considered to be periodic payments within the meaning of section 71(a)(1). See Sechrest v. United States,490 F.2d 102 (4th Cir. 1974); Commissioner v. Senter,242 F.2d 400 (4th Cir. 1957), affg. 25 T.C. 1204 (1956); Loverin v. Commissioner,10 T.C. 406 (1948). Sections 71 and 215 do not contemplate that either lump sum payments *507 or installment payments shall be taxable to the wife or deductible by the husband unless, under the terms of the decree or instrument, the installments are to be paid or may be paid over a period of more than ten years. Loverin v. Commissioner,supra at 408; see section 71(c). Sections 71 and 215 thus distinguish between payments that represent a division of income for current living needs and payments that represent a division or transfer of capital. Salapatas v. Commissioner,446 F.2d 79, 82 (7th Cir. 1971), affg. a Memorandum Opinion of this Court. We think that the $7,500 specified in the 1972 stipulation is clearly a principal sum within the meaning of section 71(c)(1), and that the two payments specified therein are installment payments of that principal sum. The amount is fixed, determinable, and not contingent. Compare section 1.71-1(d)(3), Income Tax Regs. See also Norton v. Commissioner,16 T.C. 1216, 1218 (1951), affd. 192 F.2d 960 (8th Cir. 1951). Therefore, unless it is to be paid or may be paid over a period of more than ten years, the $7,500 specified in the 1972 stipulation is nondeductible. *508 See section 71(c)(2). Petitioner argues that the lump sum payments and the alimony payments previously made equal an amount greater than his ex-wife would have received in ten years under the original decree. We considered and rejected a similar argument in Loverin v. Commissioner,supra. In determining whether the principal sum specified in a modification or settlement of an original decree is to be paid or may be paid over a period of more than ten years, we must look to the modification or settlement agreement itself rather than the original decree. See also Young v. Commissioner,58 T.C. 629, 637 (1972). The stipulation of settlement between petitioner and his ex-wife provides for the payment of $7,500 in two installments over a period of no more than two years. This is obviously less than a period of ten years. Petitioner's reliance on Holloway v. United States,428 F.2d 140 (9th Cir. 1970), and Davis v. Commissioner,41 T.C. 815 (1964), is misplaced. In those cases, the taxpayers had paid lump sums in settlement of arrearages in alimony. Where a lump sum is paid in settlement of arrearages in *509 alimony, the payment retains the characteristics of the original payments for which it is substituted; if the latter qualified as periodic payments, the former does too. Davis v. Commissioner,supra at 820. However, unless it is to be paid or may be paid over a period of more than ten years, a lump sum settlement in lieu of future alimony is nondeductible regardless of the character of the payments for which it is substituted. See Sechrest v. Commissioner,supra; Senter v. Commissioner, supra; Loverin v. Commissioner,supra.
Although the 1972 stipulation provides for a lump sum in lieu of past, present, and future alimony, there is no indication that petitioner had not met his obligations to Janet on time; and in his brief, petitioner concedes this point. [2] Thus we conclude that the $4,000 was in fact paid in lieu of future alimony; and because the settlement was not payable over a period of greater than ten years, it is nondeductible. Finally, petitioner argues that he is being penalized for having timely satisfied his marital obligations to Janet. If there were arrearages *510 in alimony, petitioner argues that he would be able to deduct at least that part of the lump sum settlement attributable to the arrearages. We remind petitioner that he has already taken and been allowed deductions for alimony that he had timely paid to his ex-wife. Moreover, the law is very clear with respect to lump sum settlements of future alimony obligations. Respondent's application of that law as it was written by Congress and interpreted by the courts is neither illogical nor unjust. Decision will be entered for the respondent. Footnotes
1. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954.↩
2. Brief for the petitioners at page 14.↩